Argued and submitted July 3, appeal dismissed September 11, 1996

In the Matter of the Petition of
Leslie R. King, Ernestine E. King,
Kenneth C. Thompson, Laura Etheleene Thompson,
Gerald Freeland, Harold A. Springer,
Helen L. Springer, Jack D. Dailey, K. Michael, Sr.,
Ethel L. Hamilton, Ivan A. Noah, Willy Elmer, Jr.,
Kathy Renee Hatton, Jimmie C. Wilson,
Iona M. Wilson, H. Gus Underkofler,
Esther Anne Underkofler, Gladys Hayzlett Shartner,
George F. McNaughton, and
Arlene E. McNaughton to Establish a Way
of Necessity pursuant to ORS 376.150 to ORS 376.200.

Leslie R. KING
and Ernestine E. King,
*Respondents,*

*v.*

Arthur CLEMENTS,
Helen Clements, Michael Kinney,
Katherine Kinney, Monty R. Elder,
Lillian Elder, John McCune, and Gerald F. Freeland,
*Appellants,*

*and*

Roland THEISS,
Margaret Theiss, Helen M. Collins,
B. L. Lebengood, and C. W. Lebengood,
*Defendants.*

(92CV2858CC; CA A83887)

923 P2d 688

Maurice L. Russell II, argued the cause for appellants. With him on the briefs were Julie Jones and Stephen H. Miller.

Andrew D. Johnson argued the cause for respondents. With him on the brief was Darryl E. Johnson, P.C.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

HASELTON, J.

## HASELTON, J.

Defendants appeal, assigning error to the trial court's denial of attorney fees, following the parties' settlement of an easement dispute. We dismiss the appeal for lack of jurisdiction.

The procedural posture is convoluted. In November 1992, plaintiffs filed an action alleging alternative claims for declaration of a prescriptive easement or imposition of a way of necessity pursuant to ORS 376.150 *et seq.*[1] Defendants were among the persons over whose property the alleged easement or way of necessity would run. Defendants Arthur and Helen Clements and Michael and Katherine Kinney filed answers, disputing plaintiffs' entitlement to a way of necessity, but acknowledging plaintiffs' entitlement to an easement over their property. Those defendants further sought attorney fees under ORS 376.175(2)(e).[2] Defendants Monty and Lillian Elder, Gerald Freeland, and John McCune denied plaintiffs' entitlement to either an easement or a way of necessity and also sought attorney fees under ORS 376.175(2)(e).[3]

In January 1994, the parties entered into a pretrial settlement. Pursuant to that settlement, on January 12, 1994, the court entered a stipulated judgment, which granted plaintiffs an easement over defendants' property and

---

[1] Pursuant to Douglas County Ordinance No. 80-7-1, jurisdiction over the establishment of ways of necessity under ORS 376.150 to ORS 376.200 was transferred from the Douglas County Board of Commissioners to the Douglas County Circuit Court. ORS 376.200.

[2] ORS 376.175 reads, in part, as follows:

"(1) Upon consideration of the matters and issues presented under ORS 376.150 to 376.200, the county governing body shall determine whether or not a need has been demonstrated for the granting of a way of necessity under ORS 376.150 to 376.200 and shall enter an order granting or denying the way of necessity.

"(2) Any order entered under this section shall:

"* * * * *

"(e) Direct the petitioner to pay costs and reasonable attorney fees incurred by each owner of land whose land was subject to the petitioner's action for a way of necessity under ORS 376.150 to 376.200."

[3] The remaining defendants, who are not parties to this appeal, did not appear, and the court entered an order of default as to them.

described the terms of that easement with great particularity. The judgment did not refer to, much less expressly adjudicate via dismissal or otherwise, either of plaintiffs' two claims for relief, *i.e.*, for a prescriptive easement or for imposition of a statutory way of necessity. The final paragraph of the judgment provided:

> "Application for costs and attorney fees for Respondents Kinney, Clements, McCune, Elder and Freeland and objections shall be filed and heard pursuant to ORCP 68."

Thereafter, defendants applied for attorney fees pursuant to ORS 376.175. Plaintiffs objected to that asserted entitlement, arguing:

> "There is no authority for allowing attorney fees where the parties stipulate and agree to an easement or right-of-way. The Order and Judgment in this case recites that the parties have agreed upon an 'as-is' express easement. In other words, the parties agreed that the second claim for relief, being a request for a prescriptive easement, was the proper basis for settling this case. Since it is not an order declaring or deciding the issue set forth in ORS 376.175(1) and (2), attorney fees are not permissible under (2)(e)."

The court denied fees, concluding:

> "In this case, the Court did not enter an order granting or denying a way of necessity. The Judgment signed by the Court, which represented the negotiated agreement of the parties, created an express, non-exclusive easement and was not an order entered under ORS 376.150. Thus, I do not feel it appropriate to award attorney fees."[4]

Defendants subsequently petitioned for reconsideration, arguing that, although the judgment on its face did not grant or deny the petition for a way of necessity, "because it grants an easement to the property owners, not the general public,

---

[4] In *Morgan v. Hart*, 142 Or App 303, 920 P2d 1148 (1996), we held that, where the plaintiff alleged claims both for an express easement and for a way of necessity, the court's judgment for plaintiffs on the express easement claim was necessarily an order under ORS 376.176 denying the alternative way of necessity claim. We concluded, accordingly, that the defendants, who had appeared and opposed the county surveyor's recommendation that the way of necessity be partly across their land, were entitled to attorney fees under ORS 376.175(2)(e). Given the jurisdictional nature of our disposition in this case, we express no opinion as to whether the trial court's denial of fees can be reconciled with *Morgan*'s analysis.

the judgment by implication denies the way of necessity petition." On April 6, 1994, the court entered its "Order and Judgment Denying Attorney Fees [and] Costs."

Defendants timely filed this appeal from the April 6 Order and Judgment, assigning error to the trial court's denial of fees.[5] Soon thereafter, during the pendency of their appeal, defendants moved the trial court for "relief from judgment" pursuant to ORCP 71 B(1)(d)[6] or, in the alternative, for "revision" of the judgment to conform to ORCP 67 B.[7] That motion recited that the January 6, 1994, judgment "neither adjudicates all the claims presented in this case nor satisfies the requirements of ORCP 67 B for entry of a final judgment as to less than all claims." Concurrently, defendants moved this court, pursuant to ORAP 8.25(2),[8] to hold this appeal in abeyance pending the trial court's disposition of their motions. On July 18, 1994, we granted that motion.[9]

---

[5] Defendants did not appeal from the January 6, 1994, judgment.

[6] ORCP 71 B(1)(d) reads as follows:

"On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: * * * (d) the judgment is void[.]"

[7] ORCP 67 B reads as follows:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

[8] ORAP 8.25(2) reads as follows:

"When a party has filed a motion for relief from judgment under ORCP 71 A or ORCP 71 B while the judgment is on appeal, the appellate court will decide whether to hold the appeal in abeyance pending disposition of the motion or to allow the appeal to go forward. Any party to the appeal may move the court to hold the appeal in abeyance or to allow the appeal to go forward. In the absence of a motion from a party, the court on its own motion will review the motion for relief from judgment, decide whether to hold the appeal in abeyance and notify the parties if it decides to do so. If the court does not order the appeal to be held in abeyance, the appeal will go forward."

[9] Defendants did *not* move for relief pursuant to ORS 19.033(4). That statute provides:

On November 7, 1994, the trial court issued a memorandum opinion denying defendants' motion for relief from judgment pursuant to ORCP 71, but granting defendants' "Motion to Revise the Judgment" pursuant to ORCP 67 B. On December 20, 1994, the court issued its "Revised and Supplemental Judgment," which stated, in part:

"[I]t appearing that the parties at the time of entry of the original judgment, on January 12, 1994, intended to resolve all claims between the parties; it further appearing clear that there is not now, nor was there at the time the original judgment was entered, any just reason for delay;

"IT IS HEREBY ORDERED, ADJUDGED and DECREED that all claims between Petitioners and Respondents are resolved, settled, compromised and dismissed with prejudice and without costs.

"IT IS FURTHER ORDERED, ADJUDGED and DECREED that this Revised and Supplemental Judgment shall constitute a final judgment of all claims between the parties.

"IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Judgment heretofore entered on January 12, 1994 is hereby ratified and confirmed in all respects."[10]

Defendants then filed renewed statements of attorney fees, asserting that, because the Revised and Supplemental Judgment expressly dismissed the way of necessity claim, they were entitled to attorney fees under ORS 376.175(2)(e). Again, plaintiffs objected, asserting that,

---

"Notwithstanding the filing of a notice of appeal, the trial court shall have jurisdiction, with leave of the appellate court, to enter an appealable judgment if the appellate court determines that:

"(a) At the time of the filing of the notice of appeal the trial court intended to enter an appealable judgment; and

"(b) The judgment from which the appeal is taken is defective in form or was entered at a time when the trial court did not have jurisdiction of the cause under subsection (1) of this section, or the trial court had not yet entered an appealable judgment."

*See generally Baugh v. Bryant Limited Partnerships*, 312 Or 635, 825 P2d 1383 (1992) (generally addressing operation of ORS 19.033(4)).

[10] We express no opinion as to the trial court's authority, in the absence of leave pursuant to ORS 19.033(4), to enter such a judgment.

because "there has not been an Order granting or denying a way of necessity at any time in this case," defendants were not entitled to fees. *But see Morgan v. Hart,* 142 Or App 303, 920 P2d 1148 (1996) (discussed in note 4 above). The court, although commenting that defendants "may be correct," denied defendants' application for fees, with the following observations:

> "I am hesitant to decide the attorneys fee issue at this time because I believe this seems to be the issue presently pending in the Court of Appeals. Thus, it seems to me, to defer ruling on the present motion makes good sense. Once the Court of Appeals rules on the issue before it, this Court will then rule on the newest motions."

The court entered its order denying attorney fees on July 11, 1995.

Defendants did not timely appeal, or file supplemental or amended notices of appeal, from either the December 20, 1994, Revised and Supplemental Judgment or from the July 11, 1995, order denying fees.[11] In December 1995, this appeal was reactivated.

To summarize the procedural posture: The only appeal before us is from the April 6, 1994, Order and Judgment denying attorney fees, following the court's entry of the January 12, 1994, judgment. The January 12, 1994, judgment, in turn, was not entered pursuant to ORCP 67 B and did not purport to adjudicate all claims involving all parties. We conclude, for the reasons that follow, that we lack jurisdiction to consider this appeal because the April 6, 1994, Order and Judgment was not an appealable disposition.

---

[11] On September 26, 1995, 77 days after the entry of the July 11, 1995, order denying fees, defendants moved to file a supplemental notice of appeal from that order. Defendants' motion was based on the representation of their counsel that, because the trial court had erroneously mailed the July 11 order to his former address, he did not learn of it until September 9. That motion was denied.

We note that the July 11, 1995, *order* denying fees did not comport with the requirement of ORCP 68 C(5)(b) that "any award or denial of fees" made after the entry of a Rule 67 judgment "shall be made by a separate supplemental judgment."

ORS 20.220(1) states:

> "An appeal may be taken from a judgment under ORCP 68 C(4) allowing or denying attorney fees or costs and disbursements on questions of law only, as in other cases. On such appeal the statement of attorney fees or costs and disbursements, the objections thereto and the judgment rendered thereon shall constitute the trial court file, as defined in ORS 19.005."

ORCP 68 C(4), in turn, defines the procedure for seeking attorney fees or costs and disbursements. ORCP 68 C(5) defines the prerequisites for entering a judgment awarding attorney fees or costs:

> "(a)   When all issues regarding attorney fees or costs and disbursements have been determined before a judgment pursuant to Rule 67 is entered, the court shall include any award or denial of attorney fees or costs and disbursements in that judgment.
>
> "(b)   When any issue regarding attorney fees or costs and disbursements has not been determined before a judgment pursuant to Rule 67 is entered, any award or denial of attorney fees or costs and disbursements shall be made by a separate supplemental judgment. The supplemental judgment shall be filed and entered and notice shall be given to the parties in the same manner as provided in Rule 70 B(1)."

Finally, ORCP 67 A defines "judgment":

> " 'Judgment' as used in these rules is the final determination of the rights of the parties in an action; judgment includes a decree and a final judgment entered pursuant to section B or G of this rule. 'Order' as used in these rules is any other determination by a court or judge which is intermediate in nature."

■      Collectively, those provisions state that a judgment granting or denying attorney fees is not independently appealable unless the underlying "merits" judgment, on which the alleged attorney fee entitlement depends, is itself appealable.[12]

---

[12] For example, a supplemental judgment granting or denying attorney fees, which is predicated on an ORCP 67 B judgment, is independently appealable.

■ Here, the January 12, 1994, judgment was not a "judgment" within the meaning of ORCP 67. That is, it neither embodied the "final determination of the rights of the parties," because it did not adjudicate plaintiff's way of necessity claim, nor was it entered pursuant to ORCP 67 B or 67 G. Consequently, the April 6, 1994, Order and Judgment denying attorney fees was not entered in accordance with ORCP 68 C(4)(a) and ORCP 68 C(5). In particular, because defendants' nonentitlement to fees was determined *before* the entry of a Rule 67 judgment on the merits, that determination could not validly be embodied in a separate or supplemental judgment. *See* ORCP 68 C(5)(a), (b). Accordingly, the April 6, 1994, Order and Judgment denying attorney fees was not appealable under ORS 20.220.

Appeal dismissed.