Argued and submitted May 10, 1996, appeal dismissed January 22, 1997

In the Matter of the Marriage of

Linda J. TRICK,
*Respondent,*
*and*

Peter Joseph OSREDKAR,
*Appellant.*

(140,310; CA A89664)

931 P2d 101

Timothy B. Cash argued the cause for appellant. On the brief was Terrence Kay, P.C.

John Hemann argued the cause for respondent. With him on the brief was Garrett, Hemann, Robertson, Paulus, Jennings & Comstock, P.C.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Father appeals from a supplemental judgment awarding attorney fees in this proceeding for modification of child support. In March 1994, father filed a motion to modify his child-support obligation. On January 11, 1995, mother moved to file an amended response to father's motion in order to request attorney fees under ORS 107.135. On January 13, father filed a notice withdrawing his modification motion. On January 26, the trial court signed an order granting mother's motion to amend. It later entered the supplemental judgment from which father appeals.

Father argues that the trial court erred in allowing mother to amend her pleadings because he had "already" withdrawn his motion and because mother failed to comply with UTCR 5.010.[1] Mother responds that filing a notice of withdrawal did not remove the court's authority to consider other matters before it, *see Wacker Siltronic Corp. v. Pakos,* 58 Or App 40, 646 P2d 1366, *rev den* 293 Or 635 (1982), and that she made a good-faith effort to consult with father as required by UTCR 5.010. *But see Nelson and Nelson,* 117 Or App 157, 160-61, 843 P2d 507 (1992).

■■ We are without jurisdiction to address the parties' arguments. A judgment granting or denying attorney fees is not independently appealable unless the underlying decision on the merits, on which the alleged attorney-fee entitlement depends, is itself appealable. *See King v. Clements,* 143 Or App 462, 470, 923 P2d 688 (1996). The record here does not show that an appealable order or judgment has been entered on father's motion to modify. Hence, we lack jurisdiction of

---

[1] UTCR 5.010 provides in relevant part:

"(1) The court will deny any motion made pursuant to ORCP 21 and 23, except a motion to dismiss: (a) for failure to state a claim; or, (b) for lack of jurisdiction, unless the moving party, before filing the motion, makes a good faith effort to confer with the other party(ies) concerning the issues in dispute.

"* * * * *

"(3) The moving party must file a certificate of compliance with the rule at the same time the motion is filed. The certificate will be sufficient if it states either that the parties conferred or contains facts showing good cause for not conferring."

husband's appeal from the supplemental judgment awarding attorney fees to wife.

Appeal dismissed.