Argued and submitted June 3, affirmed August 5, petition for review allowed December 1, 1998 (328 Or 115)

Troy DOCKINS
and Donna Dockins,
*Appellants,*

*v.*

STATE FARM INSURANCE COMPANY,
a corporation,
*Respondent.*

(9605-03556; CA A98608)

963 P2d 119

Robert E. L. Bonaparte argued the cause for appellants. With him on the briefs was Bonaparte, Elliott, Ostrander & Preston, P.C.

Michael A. Lehner argued the cause for respondent. With him on the brief was Lehner, Mitchell, Rodrigues & Sears.

Before Riggs, Presiding Judge, and Landau and Wollheim, Judges.

LANDAU, J.

Wollheim, J., concurring.

## LANDAU, J.

Plaintiffs appeal a supplemental judgment denying them attorney fees and costs. We affirm.

Plaintiffs initiated this action for breach of contract and declaratory relief based on defendant's failure to provide insurance coverage. Defendant answered denying the breach, denying its obligation to provide coverage and asserting various affirmative defenses. The parties eventually settled for $15,000.

Plaintiffs moved for an award of attorney fees under ORS 742.061, which provides, in part:

> "If settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon."

According to plaintiffs, because their recovery of $15,000 exceeded defendant's previous tender of nothing, they are entitled to fees under the statute. The trial court rejected the argument and denied the request for an award of attorney fees.

On appeal, plaintiffs make the same argument that they asserted to the trial court. Defendant contends that plaintiffs are not entitled to attorney fees under ORS 742.061, because they accepted defendant's tender and settled the case. We agree with defendant.

ORS 742.061 applies when a plaintiff obtains a money judgment in excess of an unaccepted tender, "to encourage the settlement of claims and to discourage the unreasonable rejection of claims by insurers." *Heiss v. Allstate Insurance Co.*, 248 Or 636, 643-44, 436 P2d 550 (1968). In this case, plaintiffs did not obtain a judgment in excess of defendant's tender. Defendant offered $15,000, plaintiff accepted the tender, and judgment was entered for that amount. ORS 742.061 does not apply.

Affirmed.

**WOLLHEIM, J.,** concurring.

This is Primal Scream II, the sequel concurrence. *See Grijalva v. Safeco Ins. Co.*, 153 Or App 144, 157, 956 P2d 995 (1998) (Haselton, J., concurring). I agree with the majority that it correctly interprets the words of ORS 742.061. The purpose of this statute is to discourage expensive and lengthy litigation. *Dolan v. Continental Casualty Co.*, 133 Or 252, 255, 289 P 1057 (1930). In reality, however, the statute allows an insurer to force an insured to engage in lengthy litigation without fear of liability for attorney fees under ORS 742.061 so long as the insurer offers a sufficient tender at any time before a decision by the factfinder. This result encourages litigation and guts the "purpose of the statute."

The majority, though, correctly parses the words of the statute. Plaintiff's recovery here did not exceed the amount of the final tender made by defendant. Therefore, plaintiff is not entitled to attorney fees under ORS 742.061. If this is not what the legislature intended, then it is for the legislature, and not the courts, to remedy.