Argued and submitted June 4, reversed and remanded July 31, 2002

Coy REED
and Penny Reed,
*Appellants,*

*v.*

JACKSON COUNTY CITIZENS LEAGUE,
an Oregon nonprofit corporation,
*Respondent.*

00-1628-L2; A113967

50 P3d 1287

Ryan J. Vanderhoof filed the briefs for appellants. With him on the brief was Hornecker, Cowling, Hassen & Heysell, L.L.P.

Ralph O. Bloemers argued the cause for respondent. With him on the brief was Christopher G. Winter.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

HASELTON, P. J.

## HASELTON, P. J.

Plaintiffs, who prevailed in the underlying trespass action, appeal from a supplemental judgment denying their petition for attorney fees pursuant to ORS 20.080. The trial court concluded that defendant had made a prefiling "tender" that was sufficient under ORS 20.080(1) to preclude plaintiffs' entitlement to fees. We disagree and, consequently, reverse and remand.

The material facts are undisputed. Plaintiffs own real property located in Jackson County. On April 20, 2000, plaintiffs sent defendant a letter alleging that defendant's agents had impermissibly trespassed on plaintiffs' land in January 2000, and further stating that plaintiffs would file a complaint unless defendant paid them $5,500 as compensation for the trespass. On May 5, 2000, defendant's counsel responded by letter. That letter questioned the validity of plaintiffs' trespass allegations, but added:

> "Nonetheless, our client would like to resolve this matter without incurring further expense and has authorized us to make a settlement offer in the amount of $200 *for a full release of your claims against our client and provisions for confidentiality.*" (Emphasis added.)

Plaintiffs did not accept or respond with a counter offer. Instead, on May 8, 2000, they filed a complaint that alleged a single claim for trespass and sought damages of $5,500.[1] In addition, the complaint alleged entitlement to attorney fees pursuant to ORS 20.080.

Before trial, defendant made plaintiffs an offer of judgment in the amount of $200, pursuant to ORCP 54 E.[2]

---

[1] The complaint was ultimately amended to particularly plead an entitlement to $2,500 of "nominal damages" and noneconomic damages of $3,000.

[2] ORCP 54 E provides:

"Except as provided in ORS 17.065 through 17.085, the party against whom a claim is asserted may, at any time up to 10 days prior to trial, serve upon the party asserting the claim an offer to allow judgment to be given against the party making the offer for the sum, or the property, or to the effect therein specified. If the party asserting the claim accepts the offer, the party asserting the claim or such party's attorney shall endorse such acceptance thereon, and file the same with the clerk before trial, and within three days from the time it was served upon such party asserting the claim; and

Plaintiffs accepted defendant's offer of judgment and the trial court issued a stipulated judgment in favor of plaintiffs for $200, but reserving the issue of attorney fees, costs, and disbursements for the court.

Thereafter, plaintiffs sought to recover attorney fees under ORCP 68. Defendant objected, arguing that its May 5, 2000, letter to plaintiffs embodies a prefiling "tender" that precluded any entitlement to attorney fees under ORS 20.080(1). That statute provides:

> "In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $5,500 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action, if the court finds that written demand for the payment of such claim was made on the defendant not less than 10 days before the commencement of the action or the filing of a formal complaint under ORS 46.465, or not more than 10 days after the transfer of the action under ORS 46.461. *However, no attorney fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action or the filing of a formal complaint under ORS 46.465, or not more than 10 days after the transfer of the action under ORS 46.461, an amount not less than the damages awarded to the plaintiff.*" (Emphasis added.)

In particular, defendant asserted that, because the $200 offered in the May 5 letter was "an amount not less than the damages awarded" to plaintiffs—*viz.*, the $200 plaintiffs recovered upon accepting defendant's offer of judgment—plaintiffs could not recover fees under ORS 20.080(1).

---

thereupon judgment shall be given accordingly, as a stipulated judgment. Unless agreed upon otherwise by the parties, costs, disbursements, and attorney fees shall be entered in addition as part of such judgment as provided in Rule 68. If the offer is not accepted and filed within the time prescribed, it shall be deemed withdrawn, and shall not be given in evidence on the trial; and if the party asserting the claim fails to obtain a more favorable judgment, the party asserting the claim shall not recover costs, prevailing party fees, disbursements, or attorney fees incurred after the date of the offer, but the party against whom the claim was asserted shall recover of the party asserting the claim costs and disbursements, not including prevailing party fees, from the time of the service of the offer."

Defendant further, and alternatively, argued that, even if its May 5 "tender" could somehow be deemed to have been defective because it was conditioned on plaintiffs giving a full release and agreeing to confidentiality, plaintiffs waived any objection to those defects under ORS 81.020. That statute provides:

"The person to whom a tender is made shall at that time specify any objection the person may have to the money, instrument or property or the person shall be deemed to have waived it; and if the objection is to the amount of money, the terms of the instrument or the amount or kind of property, the person must specify the amount, terms or kind which the person requires or be precluded from objecting afterwards."

The trial court, while rejecting defendant's "waiver" argument under ORS 81.020,[3] concluded that the May 5 letter embodied a legally sufficient and preclusive "tender" for purposes of ORS 20.080(1):

"It is clear that the defendant tendered to the plaintiff the exact amount of damages awarded. Therefore, while the plaintiffs may have found it worth their while to pursue this matter to have a public judgment in their favor without any statement denying liability by the defendant, since the plaintiffs received the tender for the amount of damages, prior to the filing of the litigation, they are not entitled to their attorney fees."

The trial court consequently entered the supplemental judgment denying fees that is the subject of this appeal.[4]

---

[3] The court observed:

"A careful reading of ORS 81.020 shows that the objections of plaintiffs to the May 5, 2000, letter from the attorneys for the defendant were not to 'the money, instrument, or property,' but were rather to additional conditions beyond the money itself. There was no instrument or property involved. Rather, the objection was to additional conditions which by pursuing their claims the plaintiffs were able to achieve."

[4] Thus, this appeal is from a supplemental judgment denying fees following the entry of a stipulated judgment on the merits. At first blush, that posture might seem to raise jurisdictional concerns given: (1) at the time this appeal was filed stipulated judgments were not appealable, *see, e.g., Rauda v. Oregon Roses, Inc.,* 329 Or 265, 269, 986 P2d 1157 (1999); *accord* Or Laws 2001, ch 541, § 1 (amending ORS 19.245 to allow for limited appeals from stipulated judgments); and (2) our statement in *King v. Clements,* 143 Or App 462, 470, 923 P2d 688 (1996), that "a judgment granting or denying attorney fees is not independently appealable unless

On appeal, the parties reprise their arguments. Plaintiffs assert that defendant's May 5, 2000, letter did not constitute a valid tender and that they are entitled to an award of attorney fees under ORS 20.080(1). Defendant responds that its May 5 letter was a "tender" sufficient to avoid paying attorney fees and that, in all events, plaintiffs waived any objections they might have had to that "tender." We begin with ORS 20.080(1)—and, particularly, the meaning of the critical phrase "tendered * * * an amount not less than the damages awarded to the plaintiff."

■ In construing a statute, we begin by considering the text in context. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993). "Context" includes other provisions of the same or related statutes, as well as the preexisting common law and the statutory framework within which the provision was enacted. *Denton and Denton*, 326 Or 236, 241, 951 P2d 693 (1998).

"Tendered" or "tender" is not defined in ORS 20.080 or any other applicable statute. However, when ORS 20.080 was enacted in 1947,[5] it was well-established that, at common law, "a tender, to be effectual, must be absolute and without condition. * * * The tender may be good, though accompanied with a condition upon which [the tendering party] has a right to insist." *Comstock Mfg. Co. v. Schiffmann et al.*, 113 Or 677, 684, 234 P 293 (1925); *Lowe v. Harmon*,

---

the underlying 'merits' judgment, on which the alleged attorney fee entitlement depends, is itself appealable."

However, as our subsequent cases have properly understood, our use of "appealable" in *King* was imprecise and, in context, referred to *finality—i.e.*, that the predicate "merits" judgment was "final" for purposes of ORCP 67. *See State ex rel Lowell v. Eads*, 148 Or App 56, 58 n 1, 939 P2d 74 (1997) (whether judgment for attorney fees and costs is appealable "depends on whether the court had entered a judgment on the merits"); *Trick and Osredkar*, 145 Or App 592, 594, 931 P2d 101 (1997) (where father had withdrawn his motion to modify his child support obligation, supplemental judgment awarding attorney fees was unreviewable because "[t]he record here does not show that an appealable order or judgment has been entered on father's motion to modify").

Here, the stipulated merits judgment was a final judgment for purposes of ORCP 67. Consequently, and consistently with *King* and our subsequent cases, we have jurisdiction over the appeal of the supplemental judgment.

[5] Or Laws 1947, ch 366. Although the statute has been amended several times since, none of those amendments has materially altered any of the statutory language at issue in this appeal.

167 Or 128, 138, 115 P2d 297 (1941) (same). In *Wallowa Lake Etc. Co. v. Hamilton*, 70 Or 433, 442-43, 142 P 321 (1914), the court quoted with approval the following explanation of permissible and impermissible conditions:

> " 'It is often broadly stated that a tender must be absolute and without condition. The rule may be more accurately stated as follows: A tender, to be good, must not be accompanied by any condition to which the creditor has a right to object; but it is not invalidated by being coupled with a condition upon which the debtor has the right to insist, and to which the creditor cannot reasonably object.'
>
> "* * * * *
>
> " 'A tender is not invalidated because it is coupled with a demand for the performance of a reciprocal duty enjoined by law upon the person to whom the tender is made. * * * It has frequently been held that a tender of the amount of a mortgage debt is not invalid because coupled with a demand for a cancellation or release, or a reconveyance.' "
> (Quoting 28 Am & Eng Ency Law 31-33 (2d ed).)

A condition to which an offeror has a "right to insist" may arise most frequently either by statute or by virtue of the parties' contractual relationship. *Anderson v. Wallowa National Bank*, 100 Or 679, 691-92, 198 P 560 (1921), is illustrative. There, the court explained that a party to a contract who is ready and willing to perform its obligations under the contract can condition tender of performance on the other party's performance of its concurrent contractual obligations. Thus, in the context of a dispute over a land sale contract, conditioning payment of the purchase price on delivery of a deed will not invalidate an otherwise effective tender. *Comstock Mfg. Co.*, 113 Or at 684; *see also Wallowa Lake Etc. Co.*, 70 Or at 444 (quoting *Halpin v. Phoenix Ins. Co.*, 118 NY 165, 177, 23 NE 485 (1890), for the proposition that conditions upon which a party has a "right to insist" are those that the other party has "no right to refuse" and "which a court of equity would compel him to do").

Nothing in the statutory framework and context that antedated the enactment of ORS 20.080 altered or contradicted that common-law understanding. For example, ORS 20.180, which was originally enacted in 1862,[6] similarly

---

[6] *See* General Laws of Oregon, ch 6, § 551, p 290 (Deady 1845-1864).

precludes a plaintiff's recovery of costs upon proof of a prelitigation tender of the full amount due but does not refer to any conditioning of such a tender.[7] *See also Dolan v. Continental Cas. Co.*, 133 Or 252, 254-55, 289 P 1057 (1930) (referring to operation of "tender" in ORS 20.180 in interpreting an earlier version of what today is ORS 742.061, governing attorney fee awards in insurance disputes).

Thus, at the time that ORS 20.080 was enacted, "tender" was commonly understood to mean a proffer of money, property, or an instrument that could not be conditioned unless the condition was one upon which the tendering party had a "right to insist" or, conversely, the recipient of the tender had "no right to refuse." Such conditions could arise only out of some legally enforceable entitlement, generally grounded in the parties' preexisting contractual relationship or some statutory entitlement.

■ With that definition established, we consider whether defendant's May 5 letter "tendered * * * an amount" for purposes of ORS 20.080(1). By that letter, defendant offered to pay plaintiffs $200 conditioned on "a full release of your claims against our client and provisions for confidentiality." That offer did not effect a "tender" for purposes of ORS 20.080 because it was subject to plaintiffs' agreement to a condition—confidentiality—upon which defendant had no legal entitlement to insist. Defendant does not identify, and we are not aware of, any legal entitlement—based on statute, contract, or otherwise—to insist upon confidentiality in resolving trespass disputes. Conversely, nothing legally precluded plaintiffs from rejecting that condition. We thus conclude that the trial court erred in determining that defendant's May 5 letter precluded plaintiffs' entitlement to recover attorney fees under ORS 20.080(1).[8]

---

[7] ORS 20.180 provides:

"When in any action or suit for the recovery of money or damages only, the defendant shall allege in answer that before the commencement thereof the defendant tendered to the plaintiff a certain amount of money in full payment or satisfaction of the cause, and now brings the same into court and deposits it with the clerk for the plaintiff, if such allegation of tender is found true, and the plaintiff does not recover a greater sum than the amount so tendered, the plaintiff shall not recover costs off the defendant, but the defendant shall recover them off the plaintiff."

[8] Given our conclusion that confidentiality was not the sort of condition upon which defendant had a legal right to insist, we need not, and do not, determine whether defendant's insistence on a full release was a permissible condition.

■      We proceed, then to defendant's alternative argument based on ORS 81.020. Again, that statute provides:

> "The person to whom a tender is made shall at that time specify any objection the person may have to the money, instrument or property or the person shall be deemed to have waived it; and if the objection is to the amount of money, the terms of the instrument or the amount or kind of property, the person must specify the amount, terms or kind which the person requires or be precluded from objecting afterwards."[9]

Defendant argues that, under that statute, its May 5 letter was an "instrument" and that, even if its "tender" was defective, plaintiffs waived any objection to the sufficiency of the "tender" by failing to object when they received the May 5 letter. We disagree.

ORS 81.020, by its terms, presupposes the existence of a "tender" of "money, [an] instrument or property." Even assuming that a conditional offer could somehow be deemed an effective "tender" for purposes of ORS 81.020,[10] defendant's argument depends on the premise that its May 5 written settlement offer is itself an "instrument" for purposes of ORS 81.020. That premise is incorrect for either of two reasons. First, as noted, *see* 183 Or App at 97 n 9, the original antecedent of ORS 81.020 was enacted in 1862, and, at that time, the common understanding of "instrument" for legal purposes did not encompass conditional offers. Rather, "instrument" was then understood to refer to a writing memorializing a preexisting agreement or legal right, the more common examples of which included deeds, bonds, leases, mortgages, and promissory notes. *See* 1 *Bouvier's Law Dictionary*, 1064 (Rawle's revision 1897); *Bouvier's Law Dictionary*, 519 (1839); *Burrill's Law Dictionary*, 86 (2d ed 1867).

---

[9] The provision that today is codified at ORS 81.020 was adopted by the 1862 Legislative Assembly. *See* General Laws of Oregon, ch 10, § 844, p 358 (Deady 1845-1864).

[10] As support for that premise, defendant relies on *State Highway Com. v. Efem Whse. Co.*, 207 Or 237, 245, 295 P2d 1101 (1956), and *Moore Mill & Lbr. Co. v. Foster*, 216 Or 204, 251, 336 P2d 39, 337 P2d 810 (1959). Defendant's reliance on those two cases is unavailing because, even to the extent that they arguably assume in *dicta* that an improperly conditioned offer can be a curable "tender" under ORS 81.020, neither speaks to whether an offer to pay money is itself an "instrument."

Second, "instrument" in ORS 81.020 is properly construed in context. At the same time the 1862 Legislature enacted the antecedent of ORS 81.020, it also enacted the antecedent of ORS 81.010.[11] That statute, which has undergone only cosmetic revisions, provides:

> "An offer in writing to pay a particular sum of money or to deliver a written instrument or specific personal property is, if not accepted, equivalent to the actual production and tender of the money, instrument or property."

That statute, like ORS 81.020, distinguishes between "money" and "instrument[s]." Even more explicitly, the statute makes it clear that, while an "offer in writing * * * to deliver a written *instrument*" is "equivalent to the actual production and tender of the * * * *instrument,*" an "offer in writing to pay a particular sum of *money*" is "equivalent to actual production and tender of the *money.*" (Emphasis added.) Thus, in context, a written offer to pay a sum of money is not an "instrument."

We thus conclude that ORS 81.020 does not preclude plaintiffs from disputing the legal sufficiency of defendant's May 5 letter as a "tender" for purposes of ORS 20.080(1). We further conclude that the May 5 letter did not effect a preclusive "tender." Accordingly, we remand to the trial court for further proceedings.

Reversed and remanded.

---

[11] General Laws of Oregon, ch 10, § 842, p 358 (Deady 1845-1864).