Argued and submitted November 6, 2002, reversed and remanded January 8, 2003

Miriam FRESK,
*Respondent,*

*v.*

Nathan KRAEMER,
*Appellant.*

0001-00693; A115184

60 P3d 1147

Michael A. Lehner argued the cause for appellant. With him on the briefs was Lehner, Mitchell, Rodrigues & Sears, LLP.

Michael H. Bloom argued the cause for respondent. With him on the brief was Bloom & Schuckman, P.C.

M. Max Williams II and Miller Nash LLP filed the brief *amicus curiae* for National Association of Independent Insurers.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

HASELTON, P. J.

**HASELTON, P. J.**

Defendant appeals from a supplemental judgment and second supplemental judgment awarding plaintiff costs and attorney fees pursuant to ORS 20.080(1). The dispositive issue here is one that we expressly reserved in *Reed v. Jackson County Citizens League*, 183 Or App 89, 96 n 8, 50 P3d 1287 (2002): When a prelitigation offer to pay money is conditioned upon a discharge of the disputed claim, is that offer a "tender" for purposes of ORS 20.080(1)? We answer that question in the affirmative. Consequently, we reverse and remand.

The material facts are undisputed. On December 6, 1999, plaintiff's counsel made a demand on defendant pursuant to ORS 20.080 for payment of $5,500 for damages arising out of an auto accident between plaintiff and defendant.[1] On January 14, 2000, defendant, by way of a letter from her insurance carrier, offered to pay $3,806, in addition to all Personal Injury Protection benefits paid up to that date, to "resolve [plaintiff's] bodily injury claim." Although that letter did not expressly state that payment was contingent upon discharge of the disputed claim, the parties agree that the reference to "resolve" in that letter establishes that the offer of payment was so conditioned.

Plaintiff did not accept defendant's offer. On January 20, 2000, plaintiff filed this action for negligence, seeking to recover unpaid medical expenses of $306, unpaid rental car costs of $380, and noneconomic damages of $4,814—a total of $5,500—as well as attorney fees and costs pursuant to ORS 20.080(1). Given the amount in controversy, the matter was subject to mandatory court-annexed arbitration. ORS 36.415(1); UTCR ch 13. Defendant filed an answer that, in part, denied plaintiff's alleged entitlement to costs and fees.

The arbitrator ultimately rendered a decision and award in favor of plaintiff, allowing recovery of $2,750 in noneconomic damages and $222 in unpaid medical bills—a

---

[1] Plaintiff's ORS 20.080(1) demand letter demanded payment of $306 for unpaid medical bills, $380 for a car rental, and $4,814 in noneconomic damages.

total recovery of $2,972. The arbitrator did not award plaintiff any attorney fees under ORS 20.080. Although the arbitration award and decision did not state any reason for the nonallowance of costs and fees, the parties had, during the course of the arbitration, briefed and argued the question of whether defendant's January 14, 2000, letter evinced or embodied a legally sufficient preclusive "tender" for purposes of ORS 20.080(1).

Plaintiff filed a timely notice of appeal of the arbitrator's award and decision and requested a trial *de novo* pursuant to ORS 36.425(2). The trial *de novo* resulted in a jury verdict awarding plaintiff total damages of $2,930—$42 less than the arbitrator's award—and $876 less than defendant's prelitigation offer of settlement. Following the jury's verdict, defendant petitioned to recover his costs and attorney fees incurred in connection with the trial *de novo*. Defendant asserted that, because the jury's award on trial *de novo* was less than the amount of the arbitrator's award, defendant was entitled to costs and fees pursuant to ORS 36.425(4)(a).[2] In the alternative, defendant asserted that he was entitled, at least, to costs and an award of $550 in attorney fees pursuant to ORS 36.425(4)(b) and (5)(b).[3]

---

[2] ORS 36.425(4) provides, in part, as follows:

"Notwithstanding any other provision of law or the Oregon Rules of Civil Procedure:

"(a) If a party requests a trial de novo under the provisions of this section, the action is subject to arbitration under the provisions of ORS 36.405(1)(a), the party is entitled to attorney fees by law or contract, and the position of the party is not improved after judgment on the trial de novo, the party shall not be entitled to an award of attorney fees or costs and disbursements incurred by the party before the filing of the decision and award of the arbitrator, *and shall be taxed the reasonable attorney fees and costs and disbursements incurred by the other parties to the action on the trial de novo after the filing of the decision and the award of the arbitrator.*"

(Emphasis added.)

[3] ORS 36.425(4)(b) and (5)(b), in tandem, provide that, if a party requests a trial *de novo* in an action subject to arbitration under ORS 36.405(1)(a), the party is not entitled to attorney fees by law or contract, and the position of that party is not improved after judgment on the trial *de novo*, that party is liable for the adverse party's costs and attorney fees incurred after the filing of the arbitrator's decision and award in an amount up to "[t]en percent of the amount claimed in the complaint." ORS 36.425(5)(b).

Plaintiff opposed that petition and countered with an attorney fee petition of her own. Plaintiff contended, *inter alia*, as follows: (1) Defendant's prelitigation offer of $3,806 was not a "tender" within the meaning of ORS 20.080(1) because it was not unconditional and, particularly, was conditioned upon a discharge of liability on the underlying claim. (2) Because defendant had made no "tender" for purposes of ORS 20.080(1)—much less one that exceeded plaintiff's recovery in arbitration—plaintiff was entitled to her attorney fees incurred in connection with the arbitration proceedings, and the arbitrator had erred in concluding otherwise. (3) Alternatively, even if plaintiff's prelitigation offer otherwise qualified as a "tender," that "tender" was legally insufficient in that defendant did not ultimately comply with the requirements of ORS 20.180.[4] (4) The sum of plaintiff's damages recovered in the trial *de novo* plus the circuit court's award of plaintiff's reasonable arbitration-related costs and fees would exceed the amount of the arbitrator's award. (5) Consequently, although the jury's verdict was less than the arbitration award, when the circuit court's award of arbitration-related costs and fees is taken into account, plaintiff actually "improved her position" in the circuit court proceedings. (6) Thus, under ORS 36.425(4)(a), plaintiff was entitled to her reasonable attorney fees and costs incurred not only with respect to arbitration but also in connection with the circuit court proceedings.

After extensive briefing and argument, the trial court agreed with plaintiff that defendant's prelitigation offer was not a preclusive "tender" for purposes of ORS 20.080. In so holding, the court viewed Oregon Supreme Court decisions addressing the meaning of "tender" in ORS 742.061, which governs recovery of attorney fees in actions against insurers, as decisive:

---

[4] ORS 20.180 provides:

"When in any action or suit for the recovery of money or damages only, the defendant shall allege in answer that before the commencement thereof the defendant tendered to the plaintiff a certain amount of money in full payment or satisfaction of the cause, and now brings the same into court and deposits it with the clerk for the plaintiff, if such allegation of tender is found true, and the plaintiff does not recover a greater sum than the amount so tendered, the plaintiff shall not recover costs off the defendant, but the defendant shall recover them off the plaintiff."

"I am persuaded that the use of the phrase, 'tendered to the plaintiff' has meaning which is critically distinct from 'offer' on the one hand or 'pays' on the other. *Butler v. United Pacific Ins. Co.*, 265 Or 473[, 509 P2d 1184] (1973), arose under a different scheme governing relations between insurers and insureds, but that scheme is close enough in purpose and effect to those of ORS 20.080 that *Butler's* reasoning seems unavoidable. At least this much of *Butler* remains good law and requires that I find the offer by the defendant insufficient as a 'tender' under ORS 20.080."[5]

Consequently, the court determined that plaintiff was entitled to her costs and fees in arbitration. Because the sum of those costs and fees plus the jury's damages award exceeded the arbitrator's award, the court clearly determined that plaintiff was also entitled to fees reasonably incurred in the circuit court proceedings. Ultimately, in a supplemental judgment and second supplemental judgment, the court awarded plaintiff costs and attorney fees totaling $35,787. The court concurrently, and necessarily, denied defendant's petition for costs and fees incurred in the circuit court proceedings.[6]

---

[5] Although the trial court accepted plaintiff's premise that an offer to pay conditioned upon discharge cannot be a "tender" for purposes of ORS 20.080(1), it rejected plaintiff's alternative contention that a "tender" for purposes of ORS 20.080 must comport with ORS 20.180:

"I [reject] plaintiff's contention that the offer was governed by the requirements of ORS 20.180 that the party plead the tender and deposit the tendered amount into court. ORS 20.080 was enacted and exists independently of ORS 20.180; ORS 20.080 contemplates that a sufficient 'tender' can be made before there is any court action to accept a deposit; ORS 20.080 in marked contrast to ORS 20.180 makes no reference to pleading or deposit. I am not free to add those requirements by analogy; analogy suggests they were not intended."

We endorse the trial court's reasoning in that regard without further comment.

[6] The trial court noted, however, that even if defendant were somehow entitled to fees, those fees should be limited to $550 and defendant should not recover his costs:

"For whatever it may be worth in resolving remaining issues should an appellate court disagree with my analysis of ORS 20.080, should defendant's offer be deemed a 'tender,' defendant would be entitled to recover fees, but those fees would be limited by ORS 36.425(5)(b) to $550 because defendant would be 'entitled to an award * * * solely by reason of subsection (4).' I reject defendant's argument that because the appealing plaintiff would be entitled to an attorney fee under another provision, defendant is somehow not a party entitled to an award 'solely by reason of subsection (4).' I would also deny costs to defendant as the cost bill was untimely."

On appeal, defendant assigns error both to the trial court's award of costs and fees to plaintiff and to the court's denial of attorney fees to defendant.[7] Defendant advances two overarching arguments. *First*, defendant asserts that his prelitigation offer of payment was a preclusive "tender" for purposes of ORS 20.080(1), notwithstanding that that offer was conditioned upon discharge of liability on the disputed claim. Consequently, because plaintiff's recovery of damages in arbitration and on trial *de novo* did not exceed the amount of that "tender," plaintiff was barred from recovering her costs and fees under ORS 20.080(1). *Second*, defendant contends that, even if his prelitigation offer of payment was not a legally sufficient "tender," plaintiff did not "improve" her "position" for purposes of ORS 36.425(4)(a) because the jury's award of damages was less than the arbitrator's award. Consequently, even if plaintiff were entitled to recover her arbitration-related costs and fees, she could not recover her post-arbitration costs and fees—indeed, and to the contrary, under ORS 36.425(4) and (5)(b), defendant was entitled to recover his fees incurred in the trial *de novo*.[8]

As explained below, we agree with defendant's first argument and conclude that an offer to pay that is conditioned solely upon full discharge of the disputed claim is a legally sufficient preclusive "tender" for purposes of ORS 20.080(1). Consequently, the trial court erred both in awarding plaintiff her costs and fees incurred in arbitration and in the circuit court proceedings and in denying defendant recovery under ORS 36.425(5)(b) for his reasonable attorney fees, not to exceed $550, incurred in the circuit court proceedings.

ORS 20.080(1) provides:

> "In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $5,500 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, at

---

[7] We do not understand defendant to challenge the trial court's denial of *costs* to defendant.

[8] Thus, on appeal, defendant does not renew his argument to the trial court that he is entitled to attorney fees pursuant to ORS 36.425(4)(a). Rather, defendant concedes, as the trial court concluded, that any award of fees would necessarily be limited to no more than "10 percent of the amount claimed in Complaint" pursuant to ORS 36.425(5)(b).

trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action, if the court finds that written demand for the payment of such claim was made on the defendant not less than 10 days before the commencement of the action or the filing of a formal complaint under ORS 46.465, or not more than 10 days after the transfer of the action under ORS 46.461. However, no attorney fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action or the filing of a formal complaint under ORS 46.465, or not more than 10 days after the transfer of the action under ORS 46.461, an amount not less than the damages awarded to the plaintiff."

That statute does not define "tender." However, in *Reed*, we considered the general question of whether a "tender" for purposes of ORS 20.080(1) could ever be subject to conditions. After canvassing the common law at the time that ORS 20.080 was enacted, 183 Or App at 95-96, we concluded that a conditional offer of payment could be a "tender" for purposes of ORS 20.080(1) so long as "the condition was one upon which the tendering party had a 'right to insist' or, conversely, the recipient of the tender had 'no right to refuse.' " *Id.* at 96. Applying that standard, we concluded that, because the offer to settle in *Reed* was conditioned upon the plaintiffs' execution of a confidentiality agreement—a condition "upon which defendant had no legal entitlement to insist"—that offer was not a preclusive tender. *Id.*

Because we determined that the defendant's insistence on a confidentiality agreement in *Reed* was an impermissible condition, we did not need to decide whether an additional condition in *Reed*—that the plaintiffs execute "a full release of [their] claims against [the defendant]"—would, by itself, have rendered the offer a "non-tender." Rather, we expressly reserved that question. 183 Or App at 96 n 8 ("[W]e need not, and do not, determine whether defendant's insistence on a full release was a permissible condition."). We now address that question, albeit in an arguably narrower form.[9]

---

[9] In *Reed*, it was unclear whether the "full release" connoted a discharge of *all* liability between the parties, as opposed to merely the trespass claim that was the subject of the underlying litigation. Here, in contrast, the parties agree that defendant's offer of payment was conditioned on discharge of the claim that was the

       Is requiring a discharge of the disputed claim a permissible condition of a "tender" under ORS 20.080(1)? In answering that question, and in the absence of explicit textual guidance, we turn to the statute's fundamental purpose:

> "The purpose of the [statutorily required] notice is to give the defendant an opportunity to settle the case. * * *

> "The purpose of the statute is to coerce tortfeasors and their insurance companies into settling small, legitimate claims where it is impracticable for the offended party to employ an attorney to prosecute his claim."

*Landers v. E. Texas Motor Frt. Lines*, 266 Or 473, 475-77, 513 P2d 1151 (1973); *see also Heen v. Kaufman*, 258 Or 6, 8, 480 P2d 701 (1971) ("The obvious purpose of the statute is to encourage the settlement of damage claims where the amount involved is not large."); *Johnson v. White*, 249 Or 461, 462-63, 464, 439 P2d 8 (1968) (Statute's purpose is "to prevent insurance companies and others having liability for torts from refusing to settle and pay just claims therefor. * * * The statute is in the nature of a warning to plaintiffs not to inflate small claims beyond just amounts, in order that the tort-feasor may in good faith make settlement of such claims without resorting to the courts."); *Troute v. Aero Mayflower Transit Co.*, 78 Or App 564, 568, 718 P2d 745 (1986) (statute's purpose is "the prompt settlement of small but well-founded claims").

       Consistently with that fundamental purpose of encouraging settlement, we and our Supreme Court have implicitly—and, on occasion, explicitly—equated "tender" for purposes of ORS 20.080 with "settlement offer." For example, in *Landers*, 266 Or at 476, the court listed four requirements to recovering fees under ORS 20.080:

> "The statute requires only that:

> "1) The amount pleaded be $1,000 [now $5,500] or less;

> "2) The plaintiff prevails in the action;

---

subject of plaintiff's complaint. Our analysis that follows is limited to those circumstances in which a defendant's insistence on discharge is limited to those claims that are the subject of the plaintiff's demand.

"3)    A written demand for 'such claim' be made more than ten days prior to the commencement of the action; and

"4)    Plaintiff's judgment *be greater than any offer of settlement made by defendant prior to the commencement of the action.*"

(Emphasis added.) Most recently in *Ayres v. Bae*, 173 Or App 53, 57, 20 P3d 862 (2001), we held that a defendant's prelitigation "settlement offer" in an amount exceeding the plaintiff's ultimate recovery "squarely trigger[ed] the disqualification provided in the last sentence of ORS 20.080[(1)] (1997)."

■    Obviously, and as we held in *Reed*, not every settlement offer constitutes a "tender" for purposes of ORS 20.080(1). To the extent that payment is contingent upon the plaintiff's satisfaction of a condition upon which the defendant has no legal entitlement to insist, there is no preclusive "tender." The inquiry thus narrows to whether, given the settlement-promoting purpose of ORS 20.080(1), a defendant is entitled to insist on discharge of the underlying disputed claim as a condition of payment.

■    Defendant was entitled to insist on discharge as a condition of his payment. Payment without discharge is not "settlement"—and requiring defendants to make such gratuitous, unconditional payments may well subvert, rather than promote, the operation of ORS 20.080(1). In that regard, we agree with the observations of *amicus* National Association of Independent Insurers:

> "A settlement of a case requires that parties reach an agreement as to its final resolution. The trial court's determination that a tender under ORS 20.080 cannot be conditioned on the plaintiff's releasing the defendant defeats the purpose of the statute and is inconsistent with the notion that the statute is intended to encourage settlement of cases. If there is no release, then the case will not settle. [Plaintiff's] position that a tender under ORS 20.080 means that a defendant must unconditionally pay an amount of money without obtaining a release in effect requires a defendant to make a gift in order for the statute to apply. There is little incentive for defendant * * * to make such a payment when [plaintiff] can keep the money and still proceed with her suit."[10]

---

[10] *Amicus* also offered the following practical perspective:

Plaintiff argues, nevertheless—and the trial court felt compelled to agree—that cases construing "tender" under ORS 742.061, particularly including *Butler*, dictate a different result.[11] We disagree.

In *Butler*, the plaintiff recovered a judgment for fraud, including both compensatory and punitive damages, against an auto dealer. The plaintiff then made a demand on the defendant, who was the dealer's surety, for the full amount of the judgment. The defendant surety responded by tendering the full amount of the compensatory damages but conditioned that tender on the plaintiff giving "full satisfaction of plaintiff's judgment against the dealer for both general and punitive damages." *Butler*, 265 Or at 479. The plaintiff refused the tender and, in the ensuing trial, obtained a judgment for the amount of the compensatory damages only. The trial court denied the plaintiff's petition for attorney fees under ORS 743.114 (1971), the direct antecedent of the present ORS 742.061(1),[12] because the plaintiff's recovery did not exceed the defendant's "tender."

---

"[I]nsurers regularly represent their policyholders in these small matters. The ruling by the trial court means that in order for an insurance company to avoid a plaintiff's attorney fees under an ORS 20.080 case, the company must pay the plaintiff some portion of the policy, but the company cannot obtain protection from continuing suit for the insured. This court, like the trial court, knows that an insurance company will not pay without obtaining a release.

"The result will be that a plaintiff will make a ten-day demand under ORS 20.080 and the defendant insured will be left with a 'Hobson's choice.' The defendant may pay the full amount of the ten-day demand, may 'tender' some lesser amount but still face the possibility of suit, or may refuse to pay anything and will almost certainly be required to pay the plaintiff's attorney fees. Under any of these scenarios, the defendant's risk of financial loss is substantially increased and the symmetry established by ORS 20.080 is destroyed."

[11] The trial court fully acknowledged the implications of the parties' positions and indicated that, but for *Butler*, "we wouldn't even be having this discussion" and "I would overwhelmingly agree with the defendant's positions."

At the time that the trial court ruled, we had not yet decided *Reed*. *Reed*, in turn, did not discuss *Butler*.

[12] ORS 742.061(1) provides, in part, as follows:

"Except as otherwise provided in subsections (2) and (3) of this section, if settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, *and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action*, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon."

(Emphasis added.)

The Supreme Court reversed:

"Defendant's offer was not a tender. To be a tender an offer to pay a certain sum must be unconditional.

" 'To make it effectual, a tender must not be fettered with a condition, imposed by the one making it, that a discharge shall be executed releasing him from all demands. He must rely in that respect only upon the force the law gives to the tender.' *Purdin v. Hancock*, 67 Or 164, 166, 135 P 515 (1913). * * *

"Plaintiff is entitled to attorney fees in the trial court and this court because no sufficient tender was made."

*Butler*, 265 Or at 479 (footnote and citations omitted).[13]

Plaintiff also relies on *Dockins v. State Farm Ins. Co.*, 329 Or 20, 985 P2d 796 (1999), which also addressed the scope and application of "tender" for purposes of ORS 742.061(1). In *Dockins*, the principal issue as framed by this court, 155 Or App 377, 963 P2d 119 (1998), and as reversed by the Supreme Court, 329 Or at 30-33, pertained to the timing of the defendant's tender—*viz.*, whether, notwithstanding that the defendant's settlement offer was made more than 10 months after the filing and service of the plaintiff's complaint, that offer constituted a legally sufficient "tender" under ORS 742.061. The court concluded that the offer was not a preclusive "tender" because it was not timely:

"In the context of the present case, in which the filing of the insured's complaint is deemed to be the 'proof of loss,' that means that State Farm had six months from the date of service of the complaint in which to make a tender, *i.e., an unconditional offer to pay money*. As noted, it did not meet that deadline."

329 Or at 33 (emphasis added; footnote omitted).[14]

---

[13] *Purdin*, which the court invoked in *Butler*, involved the allowance of a demurrer against a challenge to the imposition of a levy for road construction. From the court's brief discussion, *Purdin*, 67 Or at 166, the significance of the plaintiff's asserted tender of the amount of the assessment is unclear.

[14] In *Dockins*, the court also called into question the proposition—also espoused by plaintiff here—that, under the reasoning of *Dolan v. Continental Casualty Co.*, 133 Or 252, 289 P 1057 (1930), all requirements of ORS 20.180 must be satisfied to effect a legally sufficient tender under ORS 742.061 (or, by plaintiff's analogous extension, ORS 20.080). *See* 329 Or at 32-33.

Plaintiff here seizes on the emphasized language as supporting her view that a tender must be unconditional. However, of at least equal contextual significance is what the court did *not* purport to decide. Following the statement quoted immediately above, the court inserted the following footnote:

"Because State Farm's offer was not timely, we need not address the question whether it was unconditional, and we express no opinion on that question."

329 Or at 33 n 5.

The full significance of that footnote becomes clear by reference to the parties' Supreme Court briefs in *Dockins*. There, the plaintiff expressly argued that, under *Butler*, the defendant's offer to settle was not a "tender" because it was conditioned on a release of liability and entry of judgment on all disputed claims. *See* 7124 Oregon Briefs, Petition for Review at 14-15. The defendant disputed that view and asserted that *Butler* was materially distinguishable.[15] Thus, the court was presented with the opportunity to state—or, in the plaintiff's view, to reiterate—that a "tender" under ORS 742.061(1) can never be conditioned on a discharge of the disputed claim. The court did not do so. Instead, it observed broadly that an offer to pay must be "unconditional"—and then reserved the question of whether an offer contingent upon discharge was "unconditional."[16]

---

[15] In particular, the defendant in *Dockins* asserted that *Butler* was distinguishable because, in *Butler*, the surety's

"settlement offer was conditioned on a stipulation by the claimant that he would release ancillary non-covered claims, in addition to the claim actually covered by the surety bond. The surety policy at issue did not cover the insured's liability for punitive damages, but the surety's offer to pay its bond was conditioned on the claimant's release of the punitive damages claim."

7124 Oregon Briefs, Respondent's Brief at 7.

[16] We note, parenthetically, that in at least two post-*Dockins* decisions, we have held that the plaintiffs were entitled to attorney fees under ORS 742.061 because the defendant insurers' offers of settlement were untimely. *See Mosley v. Allstate Ins. Co.*, 165 Or App 304, 313, 996 P2d 513 (2000) ("Because defendant *made no settlement offer* in excess of either plaintiff's ultimate recovery within six months thereafter, plaintiffs were entitled to recover attorney fees under ORS 742.061." (emphasis added)); *Petersen v. Farmers Ins. Co.*, 162 Or App 462, 464, 986 P2d 659 (1999) (describing the defendant's offer to settle the case).

We do not pretend that it is easy to reconcile the decisional law under ORS 742.061 and its predecessors, and particularly *Butler*, with our construction of "tender" for purposes of ORS 20.080(1). The trial court wrestled with the issue thoughtfully and reached a contrary conclusion. Nevertheless, and notwithstanding *Butler*, we adhere to our view announced above for several reasons.

*First*, as noted, our understanding of "tender" comports with previous Supreme Court characterizations of "tender" under ORS 20.080(1), *Landers*, 266 Or at 476, and promotes, rather than subverts, the statute's fundamental settlement-enhancing purpose.

*Second*, in other statutory contexts, the Supreme Court has recognized that "tender" is properly construed in the context of the statute's underlying purpose. *See, e.g., State Highway Com. v. Efem Whse. Co.*, 207 Or 237, 242, 245, 295 P2d 1101 (1956) (in condemnation process under ORS 366.380(7) (1955), an offer of payment conditioned upon the landowner's giving a warranty deed was a legally sufficient preclusive "tender" because the state was legally entitled to insist on that condition).

*Third*, the legislative purposes underlying ORS 20.080(1) and ORS 742.061(1) are not congruent. The purposes of ORS 20.080(1) include "giv[ing] a defendant an opportunity to settle the case," *Landers*, 266 Or at 475, and providing a mechanism by which "the tortfeasor may in good faith make settlement of such claims without resorting to the court," *Johnson*, 249 Or at 464. ORS 742.061(1) has no such defendant-protective purpose. Rather, as the court explained in *Dockins*:

> "[T]he statute seeks to protect *insureds* from the necessity of litigating their valid claims. *It has no converse purpose of protecting insurers from litigation.*"

329 Or at 29 (first emphasis in original; second emphasis added). Thus, "tender" for purposes of the two statutes can plausibly, and properly, be construed differently.

*Finally*, with respect, the crucial language in *Butler* is conclusory and fails to acknowledge the all-important distinction between conditions upon which the tendering party

is "entitled to insist" and those for which there is no such entitlement. That distinction is acknowledged in other Supreme Court decisions, *see Reed*, 183 Or App at 94-95 (citing cases), and, particularly, in *Efem Whse. Co.*, 207 Or at 245. We do not suggest that we can ignore *Butler*. Rather, given that *Butler* construed a different statute with different purposes—and, then, did so in a conclusory fashion that does not necessarily comport with other antecedent authority—we decline to treat it as dispositive.

In sum, defendant's prelitigation offer of payment was a legally sufficient "tender" for purpose of ORS 20.080(1). That tender exceeded plaintiff's recovery in arbitration, precluding any recovery of arbitration-related fees. Moreover, plaintiff's recovery on trial *de novo* was less than defendant's tender and less than the arbitration award. Consequently, the trial court erred in awarding plaintiff her costs and attorney fees under ORS 20.080 and ORS 36.425(4)(a). Finally, because plaintiff's recovery on trial *de novo* did not exceed the arbitration award, defendant is entitled to reasonable attorney fees of up to $550 relating to the trial *de novo*.

Reversed and remanded.