Argued and submitted February 16, reversed and remanded for award of costs and attorney fees July 24, petition for review allowed October 22, 1996 (324 Or 322)

Bruce S. MORGAN,
*Respondent,*

*v.*

David E. HART,
Kevin Paige Hart, David A. Halladey
and Barclays American Mortgage Corporation,
*Respondents.*

In the Matter of Way of Necessity,

Bruce S. MORGAN,
*Respondent,*

*v.*

Laurence E. THORP
and M.M. Thorp, Al King and Denise King,
Terry D. Thomas and Virginia L. Thomas,
Elwood A. George, Robin L. Rutherford
and P.M. Rutherford,
*Appellants.*

David E. HART,
Kevin Paige Hart,
*Respondents,*

*v.*

Bruce S. MORGAN,
*Respondent.*

Laurence E. THORP
and M.M. Thorp, Al King and Denise King,
Terry D. Thomas and Virginia L. Thomas,
Elwood A. George, Robin L. Rutherford
and P.M. Rutherford,
*Appellants,*

*v.*

Bruce S. MORGAN,
*Respondent.*

(16-93-04500; CA A87969)

920 P2d 1148

G. David Jewett argued the cause for appellants. On the briefs were Douglas R. Wilkinson and Thorp, Purdy, Jewett, Urness & Wilkinson, P.C.

Harold D. Gillis argued the cause and filed the brief for respondent Bruce S. Morgan.

No appearance by respondents David E. Hart and Kevin Paige Hart.

No appearance by respondent David A. Halladey.

No appearance by respondent Barclays American Mortgage Corporation.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

PER CURIAM

## PER CURIAM

Plaintiff sought access over defendants' land to a public road under theories of an express easement, a prescriptive easement, and a way of necessity. Over plaintiff's objections, the trial court[1] ordered that the Lane County surveyor proceed with preparing the report provided in ORS 376.160 before the court decided the first two claims. Because that report proposed that the way of necessity be partly over appellants' land, they became parties to this case. In their response, appellants opposed the surveyor's proposal and counterclaimed for their attorney fees under ORS 376.175(2)(e).[2]

The trial court found for plaintiff on his claim of an express easement, thereby necessarily denying his claim for a statutory way of necessity. ORS 376.155(2)(j) and (k). Its judgment was an order under ORS 376.175 denying that claim and should have included an award of appellants' costs and reasonable attorney fees under ORS 376.175(2)(e).

Reversed and remanded for an award of costs and attorney fees to appellants.

---

[1] Pursuant to Lane County Code 15.800, jurisdiction over the establishment of ways of necessity under ORS 376.150 to ORS 376.200 was transferred from the Lane County Board of Commissioners to the Lane County Circuit Court. ORS 376.200.

[2] An assertion of a right to attorney fees if the party prevails is neither a claim nor a counterclaim but, rather, is a separate issue for the court as part of determining costs after it decides a claim or counterclaim. ORCP 68; *Propp v. Long*, 313 Or 218, 224-25, 831 P2d 685 (1992).