Argued and submitted January 15, decision of the Court of Appeals affirmed; judgment of the circuit court reversed and case remanded to the circuit court with instructions May 30, 1997

Bruce S. MORGAN,
*Respondent,*

*v.*

David E. HART,
Kevin Paige Hart, David A. Halladey and
Barclays American Mortgage Corporation,
*Respondents.*

In the Matter of Way of Necessity,

Bruce S. MORGAN,
*Petitioner on Review,*

*v.*

Laurence E. THORP
and M.M. Thorp, Al King and Denise King,
Terry D. Thomas and Virginia L. Thomas,
Elwood A. George, Robin L. Rutherford
and P.M. Rutherford,
*Respondents on Review.*

David E. HART,
Kevin Paige Hart,
*Respondents,*

*v.*

Bruce S. MORGAN,
*Respondent.*

Laurence E. THORP
and M.M. Thorp, Al King and Denise King,
Terry D. Thomas and Virginia L. Thomas,
Elwood A. George, Robin L. Rutherford
and P.M. Rutherford,
*Appellants,*

*v.*

Bruce S. MORGAN,
*Respondent.*

(CC 16-93-04500; CA A87969; SC S43576)

937 P2d 1024

Joel S. DeVore, of Luvaas, Cobb, Richards & Fraser, P.C., Eugene, argued the cause for petitioner on review. Harold D. Gillis, of Gleaves, Swearingen, Larsen, Potter, Scott & Smith, Eugene, filed the petition.

G. David Jewett, of Thorp, Purdy, Jewett, Urness & Wilkinson, P.C., Springfield, argued the cause and filed a brief for respondents on review. Douglas R. Wilkinson filed the response.

GRABER, J.

## GRABER, J.

■　　　The question before us is whether the statutes governing litigation over a "way of necessity" require a plaintiff seeking a way of necessity to pay attorney fees incurred by a landowner whose property is the subject of the route recommended in the required surveyor's report and who appears in the action, even when the plaintiff did not propose that the way of necessity be located on that landowner's property. We answer that question in the affirmative and, accordingly, affirm the decision of the Court of Appeals. *Morgan v. Hart*, 142 Or App 303, 920 P2d 1148 (1996).

As this case reaches us, the facts are not in dispute. Plaintiff owns a parcel of real property that does not abut a public road. He filed an action against defendants Hart, Halladey, and Halladey's mortgagee, to establish a right of access to a public road. Plaintiff alleged three alternative theories. He first alleged entitlement to an express easement over an existing lane. Second, if no express easement existed, plaintiff sought to establish a prescriptive easement over the same lane. Third, if no easement were established, plaintiff asked the court to establish a statutory way of necessity over the existing lane.

Statutory ways of necessity are governed by ORS chapter 376. The pertinent statutes generally provide for a proceeding before the governing body of the county in which the petitioner's land is located. ORS 376.150 to 376.195. However, ORS 376.200 provides, in part:

"(1)　Notwithstanding any provision of ORS 376.150 to 376.200, a county governing body may adopt an ordinance removing the county governing body from jurisdiction over the establishment of ways of necessity under ORS 376.150 to 376.200.

"(2)　If the county governing body adopts an ordinance described in subsection (1) of this section, the circuit court of that county shall have jurisdiction of the establishment of ways of necessity for that county. Except as otherwise provided in this section, a court with jurisdiction of the establishment of ways of necessity under this section shall follow the procedures for establishment of a way of necessity provided under ORS 376.150 to 376.200."

Lane County has adopted an ordinance of the kind contemplated by ORS 376.200(1). Lane County Code 15.800. Accordingly, in Lane County, jurisdiction over the establishment of ways of necessity is in the Circuit Court for Lane County. ORS 376.200(2). Jurisdiction of the present proceeding thus was in circuit court.

After plaintiff filed his petition, and as is required by ORS 376.160,[1] a surveyor's report was prepared. The surveyor's report recommended against the route that plaintiff had proposed over an existing lane on the Hart-Halladey property and, instead, recommended a route that traversed property belonging to the Thorp group, who had not been named as defendants in plaintiff's complaint.

The Thorp group then were served with a copy of the surveyor's report, and they appeared in the action. They denied that a way of necessity should be granted over their land and alleged affirmatively that plaintiff had an easement over the Hart-Halladey property. The Thorp group also asserted a right to recover attorney fees under ORS 376.175(2)(e), which provides:

"Any order entered under this section shall:

"* * * * *

"(e) Direct the petitioner to pay costs and reasonable attorney fees incurred by each owner of land whose land

---

[1] ORS 376.160 provides, in part:

"(1) Upon receipt of a petition for a way of necessity filed under ORS 376.155, a [circuit court] shall:

"* * * * *

"(b) Direct the county engineer, county surveyor or other persons appointed by the [circuit court] to investigate the proposed way of necessity and to submit a written report to the [circuit court].

"(2) The report under subsection (1) of this section shall include:

"(a) Possible alternate routes for ways of necessity to the property;

"(b) A determination of whether the proposed way of necessity meets the requirements under ORS 376.150 to 376.200;

"(c) The reasonableness of the way of necessity proposed in the petition; and

"(d) A recommendation for a specific location and width for a way of necessity."

was subject to the petitioner's action for a way of necessity under ORS 376.150 to 376.200."[2]

The case went to trial. Plaintiff's main theory continued to be that he had an express easement.

After the trial, the trial court found "as a matter of fact and law" that plaintiff was entitled to prevail on his primary theory of an express easement over the existing lane on the Hart-Halladey property. The trial court denied attorney fees to the Thorp group, on the ground that the claim seeking a statutory way of necessity was an "alternative claim" that the trial court did not need to reach. The trial court reasoned that it had "neither considered nor determined" the claim for a way of necessity, as is required by ORS 376.175(1) to provide a basis for an award of attorney fees. The trial court entered judgment in plaintiff's favor on the first claim and dismissed his second and third claims.

On an appeal by the Thorp group, limited to the issue of attorney fees, the Court of Appeals reversed the trial court's denial of attorney fees. The Court of Appeals held that, when the trial court found in plaintiff's favor on the claim for an express easement, it "necessarily den[ied] his claim for a statutory way of necessity. ORS 376.155(2)(j) and (k).[3] Its judgment was an order under ORS 376.175 denying that claim and should have included an award of [the Thorp group's] costs and reasonable attorney fees under ORS 376.175(2)(e)." *Morgan*, 142 Or App at 305. We allowed plaintiff's petition for review.

■     In construing a statute, this court follows the method of analysis described in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). We turn first to the text and context of the pertinent statute. 317 Or at 610.

---

[2] We refer in this opinion to statutory entitlement to attorney fees for the sake of convenience. The statute in question governs the award of both costs and attorney fees.

[3] The cited provisions require that a petitioner for a way of necessity plead the absence of an existing easement, right to an easement, or other access to a public road.

ORS 376.175 provides, in part:

"(1) Upon consideration of the matters and issues presented under ORS 376.150 to 376.200, the [circuit court] *shall determine whether or not a need has been demonstrated for the granting of a way of necessity* under ORS 376.150 to 376.200 and *shall enter an order granting or denying the way of necessity*.

"(2) Any order entered under this section shall:

"(a) State whether the way of necessity is granted or denied;

"* * * * *

"(e) Direct the petitioner to pay costs and reasonable attorney fees incurred by each owner of land whose land was *subject to the petitioner's action* for a way of necessity under ORS 376.150 to 376.200[.]" (Emphasis added.)

That statute lists two acts that the circuit court is to perform with respect to a claim for a way of necessity. The first is to "determine whether or not a need has been demonstrated for the granting of a way of necessity." The second is to "enter an order granting or denying the way of necessity."

■ We consider first whether the trial court "determine[d]" whether plaintiff had demonstrated a need for the claimed way of necessity. ORS 376.175(1). To "determine" means, as relevant, "to settle a question or controversy about: decide by judicial sentence." *Webster's Third New Int'l Dictionary* 616 (unabridged ed 1993).

After trial, the trial court ruled that plaintiff has an express, enforceable easement giving access to a public road. When it made that ruling on the merits, the trial court necessarily also "determine[d] whether or not a need [was] demonstrated for the granting of a way of necessity." ORS 376.175(1). The court determined that there was no such need. That is so because the statute, ORS 376.180(8),[4] conditions the need for a way of necessity in part on the absence of

---

[4] ORS 376.180(8) provides:

"A way of necessity established under ORS 376.150 to 376.200 shall:

"* * * * *

"(8) Not be established if the property for which the way of necessity is sought has an existing enforceable access to a public road[.]"

an express easement to a public road. Accordingly, the court's ruling on the merits settled authoritatively a dispositive question—need for the way of necessity—necessarily raised by plaintiff's alternative statutory claim.

■    Second, we consider whether the trial court entered an order granting or denying the way of necessity, as is contemplated by ORS 376.175(1). The judgment disposed of the way-of-necessity claim by dismissing it.[5] In the circumstances of this case, dismissal represented a denial of the claim on the merits. That is so because the trial court's decision prevented the establishment of a way of necessity by determining that a required condition—the absence of an express easement to a public road—is not present.[6]

At the first level of analysis, we also have examined the context of ORS 376.175(1). Nothing in that context detracts from our textual analysis.

We conclude that the legislature's intent is clear from a first-level analysis. A determination on the merits that a plaintiff has an express, enforceable easement providing access to a public road, together with a judgment dismissing the plaintiff's claim for a way of necessity, "determine[s] whether or not a need has been demonstrated for the granting of a way of necessity" and denies the way of necessity, within the meaning of ORS 376.175(1).

■    Plaintiff also argues that attorney fees should not be awarded because he did not ask for a way of necessity across the Thorp group's land and, indeed, agreed that a way of necessity should not be established over that land. The attorney fees statute, however, does not by its terms depend on the plaintiff's proposed route. Rather, the text of ORS

---

[5] When a proceeding is in circuit court, instead of before a county's governing body, a judgment rather than an order is the form in which the decider issues a final written disposition of the claim for a way of necessity.

[6] Plaintiff argues that the dismissal of a claim "is not necessarily a denial on the merits that warrants an award of attorney fees under ORS 376.175(2)(e)," as, for example, when a claim is withdrawn. We need not decide whether the dismissal of a claim for a way of necessity is "necessarily a denial on the merits" in all circumstances, however. We need only decide whether the dismissal of the claim in the manner in which it occurred in this case represented a denial of the claim for a way of necessity.

376.175(2)(e) requires the assessment of "reasonable attorney fees incurred by *each* owner of land whose land was *subject to petitioner's action for a way of necessity* under ORS 376.150 to 376.200." (Emphasis added.) That wording does not limit attorney fees to landowners whose land was subject to the *petition* proposing a particular route for a way of necessity—which is how plaintiff proposes to read the statute. Instead, the attorney fees statute applies to all landowners whose land is subject to the *action* for a way of necessity. That somewhat unusual choice of wording reflects the statutory procedure by which the required surveyor's report may cause additional landowners to appear in the *action*, even if they have not been named in the *petition* as being subject to the plaintiff's proposed route. ORS 376.160, 376.170, 376.200.

That is what happened here. The Thorp group owned land that was made "subject to the petitioner's action for a way of necessity," ORS 376.175(2)(e), by the surveyor's report. The Thorp group thus were exposed to the need to defend, regardless of plaintiff's original claim.

At the first level of analysis, we also examine the context of ORS 376.175(2)(e). Context includes related statutes. *PGE*, 317 Or at 611. That context supports our textual analysis. The *compensation* provision, ORS 376.175(2)(f),[7] requires that the plaintiff pay compensation only to those landowners across whose property a way of necessity is established. By contrast, the *attorney fees* provision, ORS 376.175(2)(e), is worded more broadly; it calls for the payment of attorney fees to each landowner "whose land was subject to the petitioner's action for a way of necessity," without reference to the outcome of the action. That contrast in wording and scope confirms that the legislature intended to require a plaintiff to pay costs and reasonable attorney fees to each landowner put to the burden of defending against a claim for a way of necessity, regardless of the route advocated

---

[7] ORS 376.175(2)(f) provides:

"Any order entered under this section shall:

"* * * * *

"(f)  Establish the amount of compensation due to any owner of land across which any way of necessity has been established and direct the petitioner to pay the compensation[.]"

by the plaintiff. We conclude that the legislature's intent is clear at the first level of analysis.

The decision of the Court of Appeals is affirmed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for an award of costs and reasonable attorney fees to the Thorp group.