On appellants' motion to determine appellate jurisdiction filed June 28, respondent's response to appellants' motion to determine appellate jurisdiction filed July 19, and appellants' reply in support of motion to determine appellate jurisdiction filed July 27, appeal dismissed; remanded with instructions to vacate "limited judgment" October 13, 2004

## Mark STRAWN,
on his own behalf and as representative of a class of similarly situated persons,
*Respondent,*

*v.*

## FARMERS INSURANCE COMPANY OF OREGON,
an Oregon stock insurance company;
Mid-Century Insurance Company,
a foreign corporation,
and Truck Insurance Exchange,
a foreign corporation,
*Appellants,*

*and*

## FARMERS INSURANCE GROUP, INC.,
*Defendant below,*
*and*

## ALLSTATE PROPERTY AND CASUALTY,
*Impartial below.*

9908-09080; A125059

98 P3d 1158

James N. Westood, Matthew J. Kalmanson, and Stoel Rives LLP for motion.

Richard S. Yugler, David N. Goulder, P.C., and Landye Bennett Blumstein LLP, *contra*.

Before Brewer, Presiding Judge, and Deits, Chief Judge, and Linder, Judge.

BREWER, P. J.

**BREWER, P. J.**

Defendants appeal from a "limited judgment"[1] that was entered in this class action before class members had been identified and individual damage awards had been determined. A limited judgment, one of the types of judgments created by the legislature in 2003 when it enacted House Bill (HB) 2646, is defined, in part, as

> "a judgment rendered before entry of a general judgment in an action that disposes of at least one but fewer than all claims in the action and that is rendered pursuant to a statute or other source of law that specifically authorizes disposition of fewer than all claims in the action."[2]

ORS 18.005(13). Defendants move for a summary determination of the appealability of the "limited judgment" under ORS 19.235(3),[3] arguing that it is not appealable because it is not the concluding decision of the court as to plaintiff's claims for monetary relief. For reasons that we will explain, we agree and dismiss the appeal.

The relevant facts concerning the motion are undisputed and are based on a copy of the judgment document that is attached to defendants' motion. Plaintiff Strawn, the class representative, apparently alleged seven claims against defendants arising from defendants' practices concerning the

---

[1] We refer to the trial court's disposition in this case as a "limited judgment." We have enclosed references to the trial court's disposition in quotation marks because the issue in this case is whether the court's disposition satisfies the definition of a limited judgment in ORS 18.005(13).

[2] HB 2646 became effective on January 1, 2004. *See* ORS 171.022 ("Except as otherwise provided in the Act, an Act of the Legislative Assembly takes effect on January 1 of the year after passage of the Act."). The provisions of HB 2646 apply to the appeal of the "limited judgment" in this case, which was entered on March 23, 2004. *See* Or Laws 2003, ch 576, § 45 (providing, in part, that, "[e]xcept as provided by this section or by sections 1 to 44 of this 2003 Act, sections 1 to 44 of this 2003 Act apply only to judgments entered on or after the effective date of this 2003 Act"); Or Laws 2003, ch 576, § 90a ("The amendments to ORS 19.205, 19.270, 19.275, 19.415 and 19.450 by sections 85 to 89 of this 2003 Act apply only to the appeal of judgments entered on or after the effective date of this 2003 Act.").

[3] ORS 19.235(3) provides, in part, that, "[w]hen a party by motion, the trial court by referral or the appellate court on its own motion raises the issue whether the decision is appealable, the appellate court may make a summary determination of the appealability of the decision."

payment of personal injury protection (PIP) benefits to class member insureds.[4] A jury returned a verdict in favor of plaintiff on his claims for breach of contract, breach of the covenant of good faith and fair dealing, and fraud. The trial court adjudicated those claims as follows:

> "On plaintiff's Third Amended Complaint for plaintiff's First Claim for Relief alleging breach of contract, Second Claim for Relief (Count Two) alleging breach of the covenant of good faith and fair dealing, and Fourth Claim for Relief alleging fraud, the plaintiff, Mark Strawn, in his capacity as representative of a class of similarly situated persons, shall have, take and recover a limited judgment against defendants Farmers Insurance Company of Oregon, a stock insurance company, Mid-Century Insurance Company, a foreign corporation, and Truck Insurance Exchange, a foreign corporation, jointly and severally, in the sum of $757,051.33 for compensatory damages, $742,948.67 for prejudgment interest, and on plaintiff's Fourth Claim for Relief alleging fraud the further sum of $8,000,000.00 as punitive damages, and for plaintiff's costs, disbursements, litigation expenses and attorney fees to be determined in accordance with ORCP 68 and 32(N), and post-judgment interest at the rate of 9% per annum to accrue from December 5, 2003, until paid."[5]

Apparently, the trial court also adjudicated plaintiff's claim for declaratory relief by making several declarations. Finally, the trial court dismissed with prejudice plaintiff's claims for breach of fiduciary duty, negligent misrepresentation, and tortious bad faith. Thereafter, the court's "limited judgment" was entered in the register.[6]

---

[4] In this opinion, the term "defendants" refers collectively to Farmers Insurance Company of Oregon, Mid-Century Insurance Company, and Truck Insurance Exchange. We note, however, that the judgment document in this case indicates that, at some point, Farmers Insurance Group, Inc., was also named as defendant but the "limited judgment" dismissed with prejudice that defendant from the action.

[5] In the money award section of the judgment document, the trial court also indicated that the judgment creditor was plaintiff Strawn "[i]n his capacity as representative of a class of similarly situated persons whose names and addresses shall be specified as required by ORCP 32(F)(2) and (M)."

[6] ORS 18.082(1) provides that, on entry, a judgment is enforceable and appealable.

The court recognized that its "limited judgment" did not comply with all of the requirements of ORCP 32, the rule of procedure governing class actions, but reasoned that it could cure the noncompliance after the completion of the claims process by modifying the money award in the "limited judgment."[7] The court stated:

> "The court, in exercising its authority under ORCP 32(E)(2) and (3), hereby orders, adjudges and decrees that a limited judgment based upon the above orders and verdict does not dispose of the specification and description, under ORCP 32(M), of those individual persons who may be found to be members of the class, and who have agreed to be bound by the judgment, and does not constitute a general judgment under ORCP 32(M) in favor of any member of the class, including plaintiff, by individual name and individual amount to be recovered for each individual class member who, under ORCP 32(F)(2) may be entitled to an individual monetary recovery consisting of affirmative relief for an amount of compensatory damages, prejudgment interest

---

[7] ORCP 32 provides, in part:

"**F  Notice and exclusion.**

"* * * * *

"F(2)  Prior to the entry of a judgment against a defendant the court shall request members of the class who may be entitled to individual monetary recovery to submit a statement in a form prescribed by the court requesting affirmative relief which may also, where appropriate, require information regarding the nature of the loss, injury, claim, transactional relationship, or damage. * * * The amount of damages assessed against the defendant shall not exceed the total amount of damages determined to be allowable by the court for each individual class member who has filed a statement required by the court, assessable court costs, and an award of attorney fees, if any, as determined by the court.

"F(3)  Failure of a class member to file a statement required by the court will be grounds for entry of judgment dismissing such class member's claim for individual monetary recovery without prejudice to the right to maintain an individual, but not a class, action for such claim.

"* * * * *

"**M  Form of judgment.** The judgment in an action ordered maintained as a class action, whether or not favorable to the class, shall specify or describe those found to be members of the class or who, as a condition of exclusion, have agreed to be bound by the judgment. If a judgment that includes a money award is entered in favor of a class, the judgment must, when possible, identify by name each member of the class and the amount to be recovered thereby."

(Boldface in original.) ORCP 32 has been amended since this class action was commenced in 1999. Those amendments, however, do not affect the issues that we resolve in this case.

and punitive damages from the amounts set forth in the jury's verdict.

"The court, in exercising its authority under ORCP 32(E)(2) and (3), hereby further orders, adjudges and decrees that the Money Award set forth below shall be modified as required by ORCP 32F(2) prior to entry of a general judgment under ORCP 70[8] to provide (1) the individual name, address, and amount of affirmative relief for each class member, (2) the amount of incentive award for plaintiff as a condition of his representation of the class, and (3) to be supplemented as permitted by ORCP 32(N) to provide for an award of attorney fees, costs, disbursements and litigation expenses pursuant to ORCP 68."[9]

■    Before turning to the merits of the parties' arguments concerning defendants' motion under ORS 19.235(3) to determine the appealability of the "limited judgment," we address plaintiff's contention that such a motion is not the appropriate method to challenge the court's substantive decision to render a "limited judgment" over defendants' objection. According to plaintiff, defendants' challenge does not implicate this court's jurisdiction and "is properly part of [defendants'] appeal on the merits." We disagree. Defendants' argument is not that the trial court erred in rendering a "limited judgment" in violation of various statutes and rules. Instead, defendants assert that the "limited judgment" that the trial court rendered is not appealable under ORS 19.205. If defendants are correct, this court has no jurisdiction over the appeal. A motion under ORS 19.235(3) is an

---

[8] ORCP 70 had been repealed before the entry of the trial court's "limited judgment" in this case. Or Laws 2003, ch 576, § 580.

[9] The court asserted that it exercised its authority under ORCP 32 E(2) and (3) when it rendered a "limited judgment" that would be modified later pursuant to ORCP 32 F. By its terms, ORCP 32 E applies to *orders* that the court may issue. *See* ORCP 32 E (providing, in part, that, "[i]n the conduct of actions to which this rule applies, the court may make appropriate orders which may be altered or amended as may be desirable"); *see also* ORCP 67 A (" 'Judgment' as used in these rules has the meaning given that term in ORS 18.005. 'Order' as used in these rules means any other determination by a court or judge that is intermediate in nature."). Further, there is nothing in the language of ORCP 32 F that purports to give the trial court authority to modify a previously entered judgment. *See* 195 Or App at 684 n 7. Finally, the parties do not raise the issue whether ORCP 71 would provide authority for the trial court to modify the amount of damages awarded against defendants. Therefore, we do not consider that issue.

appropriate method to raise that issue. Accordingly, we turn to the merits of the parties' arguments.

■         Defendants contend that the "limited judgment" in this case is not appealable under ORS 19.205 because it does not satisfy the definition of a limited judgment in ORS 18.005(13) when that definition is examined in light of the requirements of ORCP 32. Defendants argue that, under ORCP 32, "a court may not issue a judgment against a defendant until after the completion of a claim process" and "[t]he judgment itself must identify the members of the class and the amount of damages that each member will recover." Specifically, they assert that, for those reasons, the "limited judgment" is not the concluding decision of the court on one or more claims as to any class member. Defendants also contend that the trial court had no authority to enter the "limited judgment" in favor of plaintiff Strawn *in his capacity as representative of the class* because "[t]here is no support for the proposition that a class representative has a right to a judgment that is separate and apart from his individual interests in the class action."

Plaintiff counters that the "limited judgment" is appealable because it disposes of all claims of the class and that the claims of individual class members will be disposed of by a later judgment. According to plaintiff, the "limited judgment" in this case does not violate the requirements of ORCP 32 because,

> "[a]fter the claims process is completed under ORCP 32F(2), a general judgment will be entered identifying the individual members of the class and the amount of their individual recoveries under ORCP 32M. The total amount of that general judgment for compensatory damages will not exceed the total of the returned allowed individual claims."

Alternatively, plaintiff contends that, even if the "limited judgment" does not dispose of the claims for monetary relief, it does dispose of plaintiff's claim for declaratory relief; thus, it is an appealable limited judgment as to that claim. Finally, plaintiff asserts that, if we conclude that the "limited judgment" in this case is not appealable in its entirety, we should treat it as an order pursuant to ORS 19.225, a statute providing for appeals from certain orders in class actions, or give

plaintiff an opportunity to obtain such an order from the trial court.

The statutes and rules pertinent to judgments in class actions were altered by HB 2646, a bill that effected a comprehensive revision of the laws governing judgments. In particular, the legislature changed ORS chapters 18 and 19 concerning judgments and the appeal of judgments in many significant ways. For example, the legislature created subcategories of judgments, including limited judgments, which are defined in ORS 18.005, a set of specific and interrelated definitions of terms relating to judgments.

We begin with ORS 19.205, the statute governing the appealability of a judgment, which now provides, in pertinent part:

> "(1)   Unless otherwise provided by law, a limited judgment, general judgment or supplemental judgment, as those terms are defined by ORS 18.005, may be appealed as provided in this chapter. A judgment corrected under ORCP 71 may be appealed only as provided in ORS 18.107 and 18.112.
>
> "* * * * *
>
> "(6)   Nothing in ORS chapter 18 affects the authority of an appellate court to dismiss an appeal or to remand a proceeding to the trial court under ORS 19.270(4) based on the appellate court's determination that the appeal has not been taken from an appealable judgment or order."

Based on the wording of that statute, a party may appeal a limited judgment as that term is defined in ORS 18.005, and we have the authority to dismiss an appeal if we determine that the judgment is not appealable. Thus, in this case, we must determine whether the "limited judgment" satisfies the definition in ORS 18.005(13).

A judgment is "the concluding decision of a court on one or more claims in one or more actions, as reflected in a judgment document."[10] ORS 18.005(9). Although that definition clearly indicates that a judgment must be the concluding decision on at least one "claim," the legislature provided little

---

[10] The legislature has also defined the term "judgment document" to mean "a writing in the form provided by ORS 18.038 that incorporates a court's judgment." ORS 18.005(10).

guidance as to the meaning of that term, defining it in its entirety as follows: " 'Claim' includes a charge in a criminal action." ORS 18.005(4). Further, as pertinent to this case, a limited judgment is

> "a judgment rendered before entry of a general judgment in an action that disposes of at least one but fewer than all claims in the action and that is rendered pursuant to a statute or other source of law that specifically authorizes disposition of fewer than all claims in the action. 'Limited judgment' includes:
>
> "(a)   A judgment entered under ORCP 67 B or 67 G[.]"

ORS 18.005(13). In turn, ORCP 67 B provides:

> "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may render a limited judgment as to one or more but fewer than all of the claims or parties. A judge may render a limited judgment under this section only if the judge determines that there is no just reason for delay."

In order for the "limited judgment" in this case to satisfy the definition in ORS 18.005(13) it (1) must be a judgment—that is, among other things, it must be the trial court's concluding decision on one or more claims; (2) must be rendered before entry of a general judgment;[11] (3) must dispose of one or more but fewer than all claims; and (4) must be rendered pursuant to ORCP 67 B, which requires that the judge determine that there is no just reason for delay.

We begin by determining whether the "limited judgment" is a judgment—as pertinent to this case, that is, whether it is the trial court's concluding decision on one or more claims—and whether it disposes of at least one but fewer than all claims. At the heart of the parties' arguments is the meaning of the term "claim" in the context of a class action. Defendants assert that each class member has a claim for breach of contract, breach of the covenant of good faith and fair dealing, and fraud and that, because the claims process has not been completed as required by ORCP 32, those

---

[11] There is no dispute that the "limited judgment" in this case was rendered before the entry of a general judgment.

claims have not been resolved in this "limited judgment." Plaintiff asserts that the individual class members have claims apart from the claims of the class and that the judgment in this case resolves the claims of the class. We need not resolve that issue because, even if we were to decide that the class has claims apart from the class members, based on the express language of the judgment document in this case, the trial court has not made a concluding decision as to those claims.

"Concluding" is an adjective meaning "CONCLUSIVE" or "FINAL." *Webster's Third New Int'l Dictionary* 471 (unabridged ed 1993). In the judgment document in this case, the trial court indicated that the money award "shall be modified as required by ORCP 32F(2) prior to entry of a general judgment" to provide, among other things, the name of each class member and the amount of relief to which that individual is entitled. Under those circumstances, the trial court has not made a concluding decision as to the claims for breach of contract, breach of the covenant of good faith and fair dealing, and fraud. In other words, the "limited judgment" is not a judgment as to those claims. Consequently, the "limited judgment" does not dispose of the claims for breach of contract, breach of the covenant of good faith and fair dealing, and fraud.

Plaintiff, however, also alleged other claims. Because the "limited judgment" dismisses plaintiff's claims for breach of fiduciary duty, negligent misrepresentation, and tortious bad faith, the trial court has made a concluding decision as to those claims, and the "limited judgment" disposes of them.

In sum, the "limited judgment" rendered by the trial court is a judgment as defined by ORS 18.005(9) because it is the trial court's concluding decision as to one or more claims—that is, plaintiff's claims for breach of fiduciary duty, negligent misrepresentation, and tortious bad faith. Further, the trial court also disposed of plaintiff's claims for breach of fiduciary duty, negligent misrepresentation, and tortious bad faith as required by the definition of a limited judgment in ORS 18.005(13).[12]

---

[12] Plaintiff also alleged a claim for declaratory relief. Because the parties did not include the pleadings in their filings concerning the motion, we do not know

The remaining issue is whether the "limited judgment" was "rendered pursuant to a statute or other source of law that specifically authorizes disposition of fewer than all claims in the action." *Id.* In this case that source of law is ORCP 67 B, which requires, in part, that "[a] judge may render a limited judgment under this section only if the judge determines that there is no just reason for delay." In the judgment document in this case, the trial court stated:

> "The court expressly finds there is no just reason for delay in rendering a limited judgment in favor of plaintiff in his capacity as representative of a class of persons similarly situated, and against defendants on plaintiff's claims for breach of contract, for breach of the covenant of good faith and fair dealing, fraud, and for declaratory judgment, and for defendants on plaintiff's claims for relief alleging breach of fiduciary duty, negligent misrepresentation, and tortious bad faith, and a judgment of dismissal in favor of defendant Farmers Insurance Group, Inc."[13]

The court's statement clearly indicates that it had determined that there was no just reason for delay in rendering a judgment in this case. As we have already indicated, however, the court also contemplated that it had authority to modify the money award against defendant in its "limited judgment" at a future time. Under that circumstance, the trial court has not made a concluding decision as to the claims for breach of contract, breach of the covenant of good faith and fair dealing, and fraud even if plaintiff is correct that individual class members have claims apart from the claims of the class and that the "limited judgment" in this case resolves the claims of the class. In light of that holding,

---

whether the declarations in the "limited judgment" dispose of that claim. Although we do not understand the parties to dispute that the "limited judgment" disposes of plaintiff's claim for declaratory relief, we need not decide that issue because, even if it did, our conclusion would be the same.

[13] With regard to the court's disposition of Farmers Insurance Group, Inc., it is unclear whether a trial court can render a limited judgment that dismisses a party from an action. We note that the first sentence of the definition of a limited judgment provides that a limited judgment is a judgment, which is defined, in pertinent part, as the concluding decision on one or more *claims*. The last sentence of the definition provides that a limited judgment includes "[a] judgment entered under ORCP 67 B." ORS 18.005(13)(a). That rule provides, in part, that "the court may render a limited judgment as to one or more but fewer than all of the *claims or parties*." (Emphasis added.) In light of our disposition, however, we need not decide that issue in this case.

we do not know whether the trial court would have determined that there was no just reason for delay in rendering the judgment on the remaining claims as required by ORCP 67 B. For those reasons, we cannot determine that the "limited judgment" properly was rendered pursuant to ORCP 67 B. Consequently, the "limited judgment" that was rendered by the trial court does not satisfy the definition of a limited judgment and is not appealable.[14]

Plaintiff contends, however, that, even if the "limited judgment" did not dispose of the claims for breach of contract, breach of the covenant of good faith and fair dealing, and fraud, "that determination does not render the entire Limited Judgment unappealable" under the reasoning in *National Mortgage Co. v. Robert C. Wyatt, Inc.*, 154 Or App 306, 961 P2d 894 (1998). In that case, the defendant appealed from the trial court's order that denied the defendant's motion to set aside a default judgment in the plaintiff's favor and determined that the plaintiff was entitled to attorney fees but did not determine the amount of fees. We held that the order denying the motion to set aside the judgment was appealable under the existing version of ORS 19.205 but that the post-judgment determination of entitlement to attorney fees was not an appealable disposition. We reasoned:

> "The fact that the January 23 order embodied two distinct rulings, one appealable and the other nonappealable, does not mean that we lack jurisdiction to consider the former. In other similar cases we have distinguished between the appealable and nonappealable portions of an order or judgment, determining that we have jurisdiction over the former but not the latter. We adhere to that approach here and determine that the portion of the trial court's January 23 order denying defendant's motion to set aside the default judgment is appealable, but the portion purporting to award plaintiff attorney fees is not."

---

[14] ORS 18.052(1) provides, in part, that,

"[i]f the judgment is a limited judgment rendered under the provisions of ORCP 67 B, the judge must determine that there is no just reason for delay, but the judgment document need not reflect that determination if the title of the judgment document indicates that the judgment is a limited judgment."

We do not understand that provision to require a contrary conclusion under the circumstances presented here.

*National Mortgage Co.*, 154 Or App at 312 (citations omitted).

This case is distinguishable from *National Mortgage Co.* because, in that case, the trial court's denial of the motion to set aside the default judgment was independently appealable even though the court's determination that plaintiff was entitled to attorney fees was not appealable. In other words, the trial court was not required to determine that there was no just reason for delay for the order denying the motion to set aside the judgment to be appealable.

This case is also distinguishable from *May v. Josephine Memorial Hospital*, 297 Or 525, 686 P2d 1015 (1984). In *May*, this court had dismissed the appeal because the trial court had not explained the reasons underlying its determination that there was no just reason for delay and those reasons were not apparent from the record. The Supreme Court reversed, holding that the version of ORCP 67 B that was in effect at the time did "not require the trial court to state the reasons for its express determination that there is 'no just reason for delay' in entering a judgment and further that this decision is not reviewable on direct appeal." *May*, 297 Or at 527. The Supreme Court reasoned:

> "ORCP 67 B. authorizes the trial court to decide *when* each adjudication of one or more of, but less than all, the claims or parties, in an action involving multiple claims or parties, is ready for appeal. The decision is vested in the trial court because it is the court more likely to be familiar with the case and with the presence or absence of any justifiable reasons for delay."

*May*, 297 Or at 531 (emphasis in original; footnote omitted).

Even though ORCP 67 B has been amended since *May* was decided, the current version of the statute continues to provide that the trial court must determine that there is no just reason for delay. *See* ORCP 67 B (providing, in part, that "[a] judge may render a limited judgment under this section only if the judge determines that there is no just reason for delay"). As the Supreme Court reasoned, the decision whether there is no just reason for delay is vested in the trial court because it is the court more likely to be familiar with

the case. In this case, we are not reviewing whether the trial court correctly determined that there was no just reason for delay when it rendered its "limited judgment." Instead, we are dismissing the appeal so that the trial court may determine whether there is no just reason for delay in light of our holding that there has been no concluding decision on the claims for breach of contract, breach of the covenant of good faith and fair dealing, and fraud.

■       The remaining issue is the disposition of the appeal. Plaintiff assert that we should not dismiss the appeal and should treat the "limited judgment" as an appealable order under ORS 19.225, which provides:

> "When a circuit court judge, in making in a class action under ORCP 32 an order not otherwise appealable, is of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, the judge shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order to the Court of Appeals if application is made to the court within 10 days after the entry of the order. Application for such an appeal shall not stay proceedings in the circuit court unless the circuit court judge or the Court of Appeals or a judge thereof shall so order."

According to plaintiff, the court's decision to render a "limited judgment" indicates that the issues addressed in that judgment should be immediately appealed. ORS 19.225, however, also requires that the trial court determine that its order "involves a controlling question of law as to which there is substantial ground for difference of opinion." Because we do not know whether the trial court would make that determination, we decline to treat the "limited judgment" as an order pursuant to ORS 19.225.

Alternatively, plaintiff requests that we give the trial court leave under ORS 19.270(4) to enter an order under ORS 19.225. We decline to do so because, even if the conditions necessary for us to invoke ORS 19.270(4) have been satisfied, we have authority under that statute to give the trial

court leave to enter an appealable *judgment*.[15] In other words, we have no authority under ORS 19.270(4) to give the trial court leave to enter an order under ORS 19.225.

Appeal dismissed; remanded with instructions to vacate "limited judgment."

---

[15] For purposes of ORS chapter 19, judgment is defined as "a judgment or appealable order, as provided in ORS 19.205." ORS 19.005(2).