On court's own motion to determine appealability, jurisdiction determined; appeal may proceed December 8, 2004

Jon GALFANO,
*Respondent - Cross-Appellant,*

*v.*

KTVL-TV
and Freedom Broadcasting of Oregon, Inc.,
an Oregon corporation,
*Appellants - Cross-Respondents,*

*and*

Susan KELLEY,
*Defendant below.*

02 1150-L-3; A123316

102 P3d 766

Jennifer Bouman represented appellants - cross-respondents.

Thomas C. Howser represented respondent - cross-appellant.

Before Linder, Presiding Judge, and Brewer, Chief Judge, and Deits, Judge pro tempore.

BREWER, C. J.

**BREWER, C. J.**

In a "supplemental general judgment," the trial court awarded defendants attorney fees and costs and disbursements based on the dismissal of one of plaintiff's claims.[1] Plaintiff appeals from that judgment. We raise, on our own motion, the issue whether the "supplemental general judgment" is appealable. ORS 19.235(3). For the reasons that we will explain, we conclude that the trial court's disposition is appealable.

The facts are undisputed. Plaintiff alleged at least four claims against several defendants: age discrimination, breach of contract, breach of the covenant of good faith and fair dealing, and intentional infliction of emotional distress. In November 2003, the trial court entered a judgment on the merits. That judgment did not address the request for attorney fees. Defendants appealed, and plaintiff cross-appealed. In January 2004, we determined that, among other things, the November 2003 judgment did not dispose of all claims, and, pursuant to ORS 19.270(4), we issued an order granting the trial court leave to enter an appealable judgment.

Thereafter, in March, the trial court signed a general judgment that contained a money award.[2] The trial court filed the judgment document with the court administrator, but the administrator did not note in the register the filing of a general judgment document that contained a money award. Instead, the administrator made the following notation in

---

[1] We refer to the trial court's disposition in this case as a "supplemental general judgment." We have enclosed references to the trial court's disposition in quotation marks because the issue in this case is whether the court's disposition satisfies the definition of a supplemental judgment in ORS 18.005(15).

[2] A general judgment is one of the types of judgments created by the legislature in 2003 when it enacted House Bill (HB) 2646, which became effective on January 1, 2004. *See* Or Laws 2003, ch 576 (containing the text of HB 2646). The provisions of HB 2646 apply to the circumstances of this case. *See* ORS 171.022 ("Except as otherwise provided in the Act, an Act of the Legislative Assembly takes effect on January 1 of the year after passage of the Act."); *see also* Or Laws 2003, ch 576, § 45 (providing, in part, that, "[e]xcept as provided by this section or by sections 1 to 44 of this 2003 Act, sections 1 to 44 of this 2003 Act apply only to judgments entered on or after the effective date of this 2003 Act"); Or Laws 2003, ch 576, § 90a ("The amendments to ORS 19.205, 19.270, 19.275, 19.415 and 19.450 by sections 85 to 89 of this 2003 Act apply only to the appeal of judgments entered on or after the effective date of this 2003 Act.").

the register: "Judgment Money." In late April, defendants filed an amended notice of appeal. Thereafter, plaintiff filed a notice of cross-appeal from the general judgment.[3]

In March, the trial court also signed a "supplemental general judgment" for attorney fees. With regard to that judgment, the administrator made the following two notations in the register: "Judgment Supplmtl Creates Lien" and "Clerical Revision of Judgment." Plaintiff filed a notice of appeal from that judgment.

ORS 18.082(1)(c) provides that, on entry, a judgment "[m]ay be appealed in the manner provided by law." Under our holding in *Garcia v. DMV*, 195 Or App 604, 99 P3d 316 (2004), the "supplemental general judgment" was properly entered because the word "judgment" appeared in the two notations concerning the "supplemental general judgment."

■    In turn, ORS 19.205(1) provides, in pertinent part, that, "[u]nless otherwise provided by law, a limited judgment, general judgment or supplemental judgment, as those terms are defined by ORS 18.005, may be appealed as provided in this chapter."[4] The statute clearly contemplates the

_____

[3] From that point, the procedural history becomes more complex. We asked the parties to submit memoranda addressing whether the general judgment had been entered in light of the administrator's notation in the register. One party responded to our request, but the other party obtained an order from the trial court that directed the administrator to correct the notation in the register. The "Judgment Money" notation now reads "Judgment General Creates Lien"; however, the register does not reveal the date that the administrator changed the original notation. Instead, the Oregon Judicial Information Network (OJIN) continues to note the entry date as March 31, 2004. We then requested that the parties determine whether a new notice of appeal and notice of cross-appeal were necessary in light of the "reentered" general judgment. Defendants filed an amended notice of appeal, and plaintiff filed an amended notice of cross-appeal. Thereafter, in *Garcia v. DMV*, 195 Or App 604, 99 P3d 316 (2004), we held that a judgment is entered when the notation in the register includes the word "judgment." Thus, the general judgment had been entered in March, and the parties have ensured that notices of appeal and cross-appeal properly were filed with this court.

[4] Of interest, ORS 20.220(1) provides, in part, that "[a]n appeal may be taken from a judgment under ORCP 68 C(4) allowing or denying attorney fees or costs and disbursements on questions of law only, as in other cases." Arguably, that statute provides us with jurisdiction over an appeal from a judgment awarding attorney fees. Case law from this court indicates that ORS 20.220, rather than ORS 19.205, is the basis of our jurisdiction over a judgment for attorney fees. *See, e.g., Crainic v. Multnomah Cty. Adult Care Home Program*, 190 Or App 134, 137, 78 P3d 979 (2003) ("[W]ith respect to the money judgment, we do not agree with plaintiff

appeal of one of three types of judgments—that is, limited judgments, general judgments, and supplemental judgments—that were created by the legislature in HB 2646 and specifically defined in ORS 18.005. The first issue in this case is whether a trial court's judgment is appealable if the judgment document does not include one of the following three labels: "limited judgment," "general judgment," or "supplemental judgment."

To determine the legislature's intent, we examine the text and context of the pertinent statutes. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993). Context includes the "the preexisting common law and the statutory framework within which the law was enacted." *Denton and Denton*, 326 Or 236, 241, 951 P2d 693 (1998). Because HB 2646 appears to have retained important principles from the preexisting law, we first turn to a discussion of those principles.

Under preexisting law, the general rule was that the character of a writing was determined by its content rather than its label. *Goeddertz v. Parchen*, 299 Or 277, 280, 701 P2d 781 (1985); *Cockrum v. Graham*, 143 Or 233, 242, 21 P2d 1084 (1933); *see also Garcia*, 195 Or App at 615 n 9 (acknowledging that, under the preexisting law, "a judgment still had to be, in substance, a judgment"). To constitute a judgment, however, the document had to be so labeled. *Former* ORCP 70 (2001), *repealed by* Or Laws 2003, ch 576, § 580; *Goeddertz*, 299 Or at 280; *City of Portland v. Carriage Inn*, 296 Or 191, 194, 673 P2d 531 (1983). As this court summarized,

"[w]hile it is true that all judgments must be so labeled, all documents so labeled are not necessarily judgments. An instrument is not a 'judgment' simply because it is labeled

that it is not an appealable judgment. ORS 20.220 provides that an appeal may be taken from a judgment issued pursuant to ORCP 68 C(4) allowing or denying costs or attorney fees."); *King v. Clements*, 143 Or App 462, 471, 923 P2d 688 (1996) (holding that an "Order and Judgment denying attorney fees was not appealable under ORS 20.220" because the underlying merits judgment was not appealable). As we will explain, however, we have jurisdiction over an appeal of a supplemental judgment for attorney fees under ORS 19.205(1). For that reason, we need not decide whether we also have jurisdiction over a supplemental judgment for attorney fees under ORS 20.220.

as such. It is well established that the character of an instrument is determined by its contents, not by its title."

*Springer v. Gollyhorn*, 146 Or App 389, 393, 934 P2d 501 (1997). Finally, as we noted in *Garcia*,

"as long as the document was labeled a 'judgment,' the 'plainly labeled' requirement was satisfied, even if the label otherwise included information that was inaccurate or meaningless. *See Ensley v. Fitzwater*, 293 Or 158, 162 n 2, 645 P2d 1062 (1982) (because 'judgment' and 'order' are different things with separate meanings, label 'judgment order' should not be used, but defect did not prevent appeal of judgment); *Haas v. Painter*, 62 Or App 719, 721 n 1, 662 P2d 768, *rev den*, 295 Or 297 (1983) (judgment labeled 'judgment order,' although meaningless, did not prevent judgment document from being appealable)."

195 Or App at 608.

The legislature retained the principle that the character of a writing is determined by its content rather than its label in ORS 19.205(1), which provides, in part, that "a limited judgment, general judgment *or* supplemental judgment, *as those terms are defined by ORS 18.005*, may be appealed as provided in this chapter." (Emphasis added.) That wording indicates that, regardless of its label, it is the substance of the trial court's disposition that determines whether it is appealable—that is, whether the substance of the disposition indicates that it satisfies the definition of a limited judgment, general judgment, or supplemental judgment.

In this case, the label on the judgment document indicates that the trial court rendered a "supplemental general judgment." Under the plain wording of ORS 19.205(1), a "supplemental general judgment" is not one of the types of judgments that is appealable; however, we must look beyond the label to the substance of the trial court's decision as reflected in the judgment document and determine whether it satisfies the definition of a limited judgment, general judgment, or supplemental judgment in ORS 18.005. *Accord Strawn v. Farmers Ins. Co.*, 195 Or App 679, 98 P3d 1158 (2004) (determining whether the "limited judgment" rendered by the trial court satisfied the definition of a limited judgment in ORS 18.005(13)). We turn then to that inquiry,

which begins with the specific and interrelated definitions in ORS 18.005.

Under the provisions of HB 2646, the legislature created several types of judgments. As we summarized in *Garcia*,

> "[j]udgments in many cases now fall into one of three types: limited, general, or supplemental. Those designations distinguish judgments based on, among other things, their timing and their legal effect on the rights and interests of the parties. For example, a limited judgment is rendered *before* a general judgment and 'disposes of at least one but fewer than all claims in the action.' ORS 18.005(13). A general judgment, in contrast, 'decides all claims in the action' except those previously decided by a limited judgment or those that may be later decided by a supplemental judgment. ORS 18.005(8). And a supplemental judgment is rendered *after* a general judgment, as authorized by law, and affects a substantial right of a party. ORS 18.005(15)."

195 Or App at 610 (emphasis in original).

As we have already indicated, our task in this case is to determine whether the substance of the trial court's disposition is a limited judgment, general judgment, or supplemental judgment. Because a general judgment had already been entered in the register, the trial court did not render a limited judgment. ORS 18.005(13) (a limited judgment is "a judgment rendered *before* entry of a general judgment" (emphasis added)). Further, the trial court did not intend its "supplemental general judgment" to be a general judgment. In the judgment document, the court expressly stated that "[t]his Supplemental Judgment supplements the General Judgment previously entered in this matter, and provides for costs, disbursements and attorney fees on the age discrimination claim pursuant to ORCP 68." Based on that wording and despite the label "supplemental general judgment," the trial court's intent in this case is clear: the court intended to render a supplemental judgment. Given that understanding, we next determine whether the "supplemental general judgment" satisfies the definition of a supplemental judgment.

■     ORS 18.005(15) provides that a supplemental judgment is "a judgment that by law may be rendered after a general judgment has been entered in the action and that affects a substantial right of a party." For the "supplemental general judgment" in this case to satisfy the requirements of ORS 18.005(15), it (1) must be a judgment (2) that by law may be rendered after entry of a general judgment and (3) that affects a substantial right of a party.

Regarding whether the trial court's "supplemental general judgment" is a judgment, the legislature specifically defined the term "judgment" as "the concluding decision of a court on one or more claims in one or more actions, as reflected in a judgment document." ORS 18.005(9). As pertinent to this case, the definition of "judgment" includes other terms that are themselves defined—that is "claim" and "judgment document."[5]

For that reason, we initially address whether the "supplemental general judgment" for attorney fees was the court's concluding decision on "one or more claims." ORS 18.005(9). Before turning to the text of the new statutory provisions, we discuss the pertinent preexisting legal principles. Specifically, a request for attorney fees generally was not a "claim" for purposes of determining whether a party had an ORCP 67 judgment from which to appeal.[6] For example, in *Propp v. Long*, 313 Or 218, 224, 831 P2d 685 (1992), the

---

[5] The definition of judgment also includes the term "action," which is defined as "any proceeding commenced in a court in which the court may render a judgment." ORS 18.005(1). Because we understand that the court could render a judgment under the circumstances of this case, the definition of that term does not appear to raise any issues in the context of this case.

[6] *See, e.g., Propp v. Long*, 313 Or 218, 225, 831 P2d 685 (1992) ("Defendant's 'counterclaim' for attorney fees was not a 'claim' within the meaning of ORCP 67 B."); *Brennan v. La Tourelle Apartments*, 184 Or App 235, 241, 56 P3d 423 (2002) ("[A] 'counterclaim' for attorney fees was held not to be a 'claim' that must be disposed of in a judgment, in order to make the judgment final under ORCP 67. Applying the reasoning in *Propp* to this case, defendant's claim for attorney fees, styled as a counterclaim, was not required to be disposed of in the judgment in order to make it 'final' for purposes of appeal. A request for attorney fees is not a 'claim' that affects the finality of a judgment."); *Morgan v. Hart*, 142 Or App 303, 305 n 2, 920 P2d 1148 (1996), *aff'd*, 325 Or 348, 937 P2d 1024 (1997) (stating that "[a]n assertion of a right to attorney fees if the party prevails is neither a claim nor a counterclaim but, rather, is a separate issue for the court as part of determining costs after it decides a claim or counterclaim").

Supreme Court reasoned that a judgment that did not dispose of the defendant's request for attorney fees was an appealable final judgment because the "claim" for attorney fees did not fall within the meaning of a claim or counterclaim for purposes of the existing version of ORCP 67 B but, instead, was governed by a specific and particular rule, ORCP 68 C(5)(b). Thus, in *Propp*, the court acknowledged that the term "claim" could have different meanings in different contexts: a claim for purposes of the existing version of ORCP 68 was not necessarily a claim for purposes of the existing version of ORCP 67 B.[7] Moreover, trial courts typically rendered supplemental judgments for attorney fees pursuant to ORCP 68 C(5)(b), and those judgments were appealable.[8]

As we have already indicated, a supplemental judgment is one of the new types of judgments and, by definition, it must be, among other things, the court's concluding decision on one or more claims. *See* ORS 18.005(4) (defining claim); ORS 18.005(9) (defining judgment); ORS 18.005(15) (defining supplemental judgment). The legislature, however, has provided little guidance as to the meaning of the term "claim," defining it as follows: " 'Claim' includes a charge in a

---

[7] Specifically, the court held:

"Defendant's 'counterclaim' for attorney fees was not a 'claim' within the meaning of [the existing version of] ORCP 67 B. Entry of the August 30 judgment disposed of the sole remaining claim, that of plaintiff for negligence. [The existing version of] ORCP 67 A is fully satisfied by the August 30 judgment."

*Propp*, 313 Or at 225. When *Propp* was decided, ORCP 67 A provided, in part, that a " '[j]udgment' as used in these rules is the final determination of the rights of the parties in an action[.]" That language did not change until 2003 when the legislature, as part of HB 2646, amended it to provide, in part, that a " '[j]udgment' as used in these rules has the meaning given that term in ORS 18.005." Even though the definition of the term "judgment" for purposes of the Oregon Rules of Civil Procedure has changed, it does not affect the gravamen of the court's reasoning in *Propp*—that is, that a claim for one purpose may not be a claim for a different purpose.

[8] *See Reed v. Jackson County Citizens League*, 183 Or App 89, 93-94 n 4, 50 P3d 1287, *rev den*, 335 Or 142 (2002) (reasoning that a supplemental judgment concerning attorney fees is independently appealable if the underlying "merits" judgment, on which the entitlement to attorney fees depends, is final for purposes of ORCP 67); *National Mortgage Co. v. Robert C. Wyatt, Inc.*, 154 Or App 306, 311, 961 P2d 894 (1998) ("[T]he trial court's post-judgment determination of entitlement to attorney fees, which was memorialized in an order rather than a supplemental judgment, is not an appealable disposition.").

criminal action." ORS 18.005(4). The unrestricted nature of that definition suggests that the legislature contemplated that the term "claim" may mean different things depending on the procedural context. Changes to the statutory scheme by HB 2646 demonstrate that the legislature intended a request for attorney fees to be considered a "claim" under ORS 18.005(4) for the purpose of rendering a supplemental judgment. For example, the legislature enacted a new statute, ORS 18.235, that expressly provides that a trial court has authority to render a supplemental judgment awarding attorney fees for a judgment creditor's willful failure to comply with ORS 18.225.[9]

Additionally, ORCP 68, which governs the award of attorney fees, continues to contemplate the entry of a supplemental judgment for attorney fees. Specifically, ORCP 68 provides, in part:

> "C(5)(a)   When all issues regarding attorney fees or costs and disbursements have been determined before a judgment pursuant to Rule 67 is entered, the court shall include any award or denial of attorney fees or costs and disbursements in that judgment.
>
> "C(5)(b)   When any issue regarding attorney fees or costs and disbursements has not been determined before a judgment pursuant to Rule 67 is entered, any award or denial of attorney fees or costs and disbursements shall be made by a separate supplemental judgment. The supplemental judgment shall be filed and entered and notice shall be given to the parties in the same manner as provided in Rule 70 B(1)."[10]

The substance of ORCP 68 C(5)(b) has not changed since *Propp* was decided. By contrast, in HB 2646, the legislature amended ORCP 68 C(6)(b) to substitute the term "limited

---

[9] *See* ORS 18.235(8) ("If the court finds that the judgment creditor willfully failed to provide a satisfaction document under ORS 18.225, the court may render a supplemental judgment awarding reasonable attorney fees to the person making the motion. The supplemental judgment may provide that the demanding party may satisfy the judgment by paying such amounts the court determines to be necessary to satisfy the judgment less that sum of money the court awards as attorney fees.").

[10] Even though ORCP 68 contemplates compliance with ORCP 70, the legislature repealed ORCP 70 in HB 2646. *See* Or Laws 2003, ch 576, § 580.

judgments" for the term "final judgments." Or Laws 2003, ch 576, § 262. That amendment suggests that the legislature intended ORCP 68 to be consistent with the new types of judgments and understood the references in ORCP 68 C(5)(b) to a "supplemental judgment" for attorney fees to be consistent with the term "supplemental judgment" as defined in ORS 18.005(15). In other words, by continuing to authorize a supplemental judgment for attorney fees under ORCP 68 C(5)(b), the legislature implicitly determined that a request for attorney fees is a claim for purposes of ORS 18.005(4).

In sum, the preexisting legal framework into which HB 2646 was enacted provided that a request for attorney fees was the proper subject of a judgment for purposes of ORCP 68 C(5)(b) and that, generally, that type of judgment was appealable. Although the legislature has now defined the term "claim" in ORS 18.005(4), that definition is unrestricted, thus suggesting that whether something is a claim may depend on its procedural context. Finally, the legislature has continued to authorize a supplemental judgment for attorney fees in ORCP 68 C(5)(b) and has authorized the trial court to render a supplemental judgment for attorney fees in another substantive statute. For those reasons, the text and context of ORS 18.005(4) demonstrate that, whatever the particular contours of the meaning of the term "claim," the legislature intended the definition of "claim" in ORS 18.005(4) to include a request for attorney fees for the purpose of rendering a supplemental judgment.

Even though we have concluded that the "supplemental general judgment" was the trial court's concluding decision as to the claim for attorney fees, ORS 18.005(9), the definition of "judgment," also requires that the court's decision be reflected in a "judgment document." A "judgment document" is "a writing in the form provided by ORS 18.038 that incorporates a court's judgment." ORS 18.005(10). In turn, ORS 18.038 requires that the judgment document (1) be plainly titled "judgment"; (2) unless exempted, indicate whether the judgment is a limited judgment, general judgment, or supplemental judgment; (3) be separate from any other document in the action; (4) include the name of the court rendering the judgment and the file number or other

identifier; (5) include the names of any parties in whose favor and against whom it is given; and (6) include the signature of the judge or, if appropriate, the court administrator and the date that the judgment document is signed.

With regard to the requirements imposed by ORS 18.038, in *Garcia*, we reasoned that ORS 18.038

"separates the title requirements retained from the preexisting law from the new ones. Again, the first subsection of the statute retains the former requirement that a judgment document be 'plainly titled as a judgment.' *Compare former* ORCP 70 A *and Carriage Inn*, 296 Or at 194, *with* ORS 18.038(1). Then, in a separate subsection using different language, the legislature also provided that the title must 'indicate' whether the judgment is a limited judgment, a general judgment, or a supplemental judgment. ORS 18.038(2). If the legislature intended to expand the preexisting 'plain title' requirement so that denominating a judgment as limited, general, or supplemental has the same importance as including the word 'judgment' in the title, the logical—and easy—way to do that would be to place those requirements in the same subsection of the statute. But the legislature did not do so. The structure of the statute at least suggests, therefore, that the legislature did not intend the requirement to 'indicate' the judgment *type* to be on a par with the requirement that the word 'judgment' be in the document's title."

195 Or App at 613 (emphasis in original). In sum, we stated that, "[u]nder the new statutory scheme, to be enforceable and appealable, a judgment has to be in writing, plainly labeled as a 'judgment,' and entered in the register with a notation that a 'judgment' has been filed." *Id.* at 609. Thus, for purposes of determining appealability, the judgment document need only be a writing and it must include the word "judgment" in its title. Because those requirements are satisfied in this case, the court's "supplemental general judgment" is reflected in a judgment document. In sum, the trial court's "supplemental general judgment" is a "judgment" because it is the court's concluding decision on a claim for attorney fees and is reflected in a judgment document.

As we have already explained, however, to satisfy the definition of a supplemental judgment the judgment

must also be authorized by law—that is, it must be a judgment "that by law may be rendered after a general judgment has been entered in the action." ORS 18.005(15). ORCP 68 C(5)(b) provides that, "[w]hen any issue regarding attorney fees or costs and disbursements has not been determined before *a* judgment pursuant to Rule 67 is entered, any award or denial of attorney fees or costs and disbursements shall be made by a separate supplemental judgment." (Emphasis added.) Because the indefinite article "a"[11] appears before the word "judgment," ORCP 68 C(5)(b) authorizes a trial court to render a supplemental judgment after any ORCP 67 judgment has been entered. ORCP 67 A provides that " '[j]udgment' as used in these rules has the meaning given that term in ORS 18.005." *See also* ORCP 67 B (authorizing a limited judgment under certain circumstances). In turn, ORS 18.005(9) defines "judgment" to be the court's concluding decision "on one or more claims in one or more actions, as reflected in a judgment document," and, as we have explained, there are three types of judgments—that is, general, limited, and supplemental judgments.

In this case, a general judgment had been entered before the "supplemental general judgment" was entered. Because that general judgment is one type of judgment for purposes of ORCP 67 A and ORCP 68 C(5)(b) authorizes a supplemental judgment after the entry of any ORCP 67 judgment, the trial court's "supplemental general judgment" was a judgment that by law may be rendered by a court after a general judgment has been entered. Thus, ORCP 68 C(5)(b) authorizes the trial court to render a supplemental judgment for attorney fees under the circumstances in this case.

Finally, by definition, a supplemental judgment is a judgment "that affects a substantial right of a party." ORS 18.005(15). A definition of "right" is "[s]omething that is due to a person by just claim, legal guarantee, or moral principle

---

[11] An ordinary meaning of "a" is:

"[A] function word before most singular nouns other than proper and mass nouns when the individual in question is undetermined, unidentified, or unspecified, esp. when the individual is being first mentioned or called to notice ‹there was *a* tree in the field› ‹*a* man walked past him› ‹he bought *a* house, but this is not the house he bought›[.]"

*Webster's Third New Int'l Dictionary* 1 (unabridged ed 1993) (emphasis in original).

\* \* \*." *Black's Law Dictionary* 1347 (8th ed 2004). Of significance here, ORCP 68 C(2) provides a procedure for alleging a "right" to attorney fees.[12] Thus, ORCP 68 C(2) contemplates that, if particular circumstances are satisfied, a party has a "right" to attorney fees. For that reason, we conclude that the "supplemental general judgment" in this case "affects a substantial right of a party" as required by ORS 18.005(15).

To summarize, the trial court rendered a "supplemental general judgment." Even though the judgment document does not include one of the three labels listed in ORS 19.205(1), we examine the substance of the court's disposition to determine whether it satisfies the definition of a limited judgment, general judgment, or supplemental judgment in ORS 18.005. In this case, the "supplemental general judgment" satisfies the definition of a supplemental judgment in ORS 18.005(15) because (1) the "supplemental general judgment" is a judgment—that is, it is the court's concluding decision on the claim for attorney fees and it is reflected in a judgment document, a writing with a title that includes the word "judgment"; (2) the judgment, pursuant to ORCP 68 C(5)(b), may be rendered after a general judgment has been entered; and (3) the legislature intended that a judgment awarding attorney fees be one that affects a substantial right of a party. Accordingly, in this case, ORS 19.205 authorizes plaintiff's appeal from the "supplemental general judgment."

Jurisdiction determined; appeal may proceed.

---

[12] ORCP 68 provides, in part:

"C(2)(a) A party seeking attorney fees shall allege the facts, statute, or rule which provides a basis for the award of such fees in a pleading filed by that party. Attorney fees may be sought before the substantive *right* to recover such fees accrues. No attorney fees shall be awarded unless a *right* to recover such fee is alleged as provided in this subsection.

"C(2)(b) If a party does not file a pleading and seeks judgment or dismissal by motion, a *right* to attorney fees shall be alleged in such motion, in similar form to the allegations required in a pleading.

"C(2)(c) A party shall not be required to allege a *right* to a specific amount of attorney fees. An allegation that a party is entitled to 'reasonable attorney fees' is sufficient."

(Emphasis added.)